[No. 3577.]

THOMAS JAMISON, ADMINISTRATOR OF THE ESTATE OF JOHN KING, DECEASED, v. JOAQUIN KING, JOHN W. ARMSTRONG, AND THE ÆTNA LIFE INSURANCE COMPANY.

AMBIGUOUS COMPLAINT.—The defendant is entitled to a distinct averment in the complaint of the facts which the plaintiff claims to exist, and if the averments are in the alternative, the complaint is ambiguous, even if either averment states a cause of action.

CONSTRUCTION OF A FINDING OF FACT.—A finding that the indorsement and delivery of a policy of life insurance were "not solely in consideration of a pre-existing debt, but chiefly as a gift," is in effect a finding that there was a valuable consideration, which was, however, in the opinion of the Court, inadequate.

FRAUD IN THE SALE OF PERSONALTY.—Inadequacy, or failure of consideration, is not of *itself* sufficient, even as against the creditors of an insolvent assignor, to authorize a court to find fraud, as a conclusion of law.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

The complaint averred that John King died intestate, at Placer County, on the 7th day of September, 1870; that for several years before his death he had been engaged in selling goods, and that, at the time of his death, he was indebted to various persons in the sum of more than eight thousand dollars, and that the assets which he left, aside from a policy of insurance on his life, would not pay more than fifty cents on the dollar of the debts. That the plaintiff was the administrator on his estate. That the deceased, prior to his death, held a life insurance policy on his own life for the sum of five thousand dollars, issued by the Ætna Life Insurance Company, on which all the premiums had been paid. The complaint then proceeded as follows:

"And this plaintiff avers that the said John King just before his death, in momentary expectation thereof and in contemplation of that event, indorsed, or caused to be indorsed, on said policy of life insurance, the following words, to wit:

" YANKEE JIM's, September 5th, 1870.

"I leave policy to my brother Joaquin King to receive the benefit of the within.

"JOHN KING."

And plaintiff avers that he is not informed, and is therefore unable to say, whether on the entry of said indorsement the said John King delivered the said policy of life insurance to the said Joaquin King or himself retained possession of the same; but plaintiff avers that if the said policy was delivered to the said Joaquin King at the time of the indorsement, or any time before the death of said John King, then the same was delivered as a donation in expectancy of death, and not otherwise, and upon no other consideration; and if the said delivery was not made, the said indorsement was intended to operate as a will to take effect after the death of the said John King.

Plaintiff avers that the said Joaquin King is attempting fraudulently and covinously to collect the amount of said policy from the Ætna Insurance Company and convert the

same to his own use, in fraud of the rights of the creditors of the estate of said John King.

There were averments that defendant Armstrong had been employed by Joaquin King to collect the policy, and had the same in his possession, and that Armstrong and King were possessed of little or no property, and that the Ætna Company was about to pay them the money. A receiver was asked for to take possession of and hold the policy; and there was also a prayer that Armstrong and King be enjoined from collecting, and that the Ætna Company be enjoined from paying them any money on the policy.

The court was also asked to set aside the transfer from John King to Joaquin King as fraudulent, and to decree that the money due on the policy be paid to the plaintiff, to be by him used in paying the debts of the estate. The defendants demurred to the complaint because it was ambiguous, unintelligible and uncertain in this: it did not appear therefrom whether said writing was or was not an assignment, or was or was not a will, or was or was not a donation in expectancy of death.

The court overruled the demurrer.

The defendant King alleged in his answer and offered testimony tending to show that the assignment was in consideration of a pre-existing debt.

The cause was tried without a jury, and the court found the following facts:

"I. That the policy of insurance, the subject-matter of this suit, was indorsed in the words alleged in plaintiff's amended complaint by John King and delivered to Joaquin King, the defendant, and that such indorsement and delivery were made in immediate expectation of death, and not solely in consideration of a pre-existing debt, but chiefly as a gift.

"II. That the amount of the indebtedness of the estate of John King, deceased, exceeds the amount of assets, independent of the life insurance policy sued for, about ten thousand dollars; and with the total amount due on said policy the assets would be insufficient to pay the indebtedness."

The following were the conclusions of law:

" I conclude the law to be:

" First. That the transfer of said policy was and is inoperative and void as against John King's creditors.

" Second. That plaintiff is entitled to the whole of said policy and the proceeds thereof."

Judgment was rendered for the plaintiff, and the defendant King appealed.

*McKune & Welty,* for the Appellant.

No cause of action is stated in the amended complaint.

The amendment states facts in the alternative. There is no direct allegation in the amendment on which an issue could be joined. This mode of pleading is double, doubtful, and equivocal. (Steph. Pl. 251; *Little* v. *Blunt,* 13 Pick. 474; *Low* v. *Tyler,* 14 Pick. 164.)

The findings of the court do not support the allegations of the amended complaint, and are insufficient to support the decree.

It is found that the policy was delivered at the time the indorsement thereon was made and signed.

It is true the court finds that the indorsement and delivery were made in immediate expectancy of death, and not solely in consideration of a pre-existing debt, but chiefly as a gift; but this finding is an admission that there existed at the time a pre-existing debt due from John to Joaquin King, and that this debt was a consideration for the indorsement and delivery. It is true the finding is that the indorsement and delivery were "chiefly as a gift." This finding is insufficient to support the decree. It must have been wholly as a gift, or it became a sale. (Vol. 1, Bouv. Law Dic., title, "Gift;" 2 Bl. Com. 440.) This finding, even, is not sustained by the evidence.

The legal effect of the finding of facts is that it was not a donation in expectancy of death, but an assignment or transfer of the policy for a good and valuable consideration.

*Beatty & Denson,* for the Respondent.

The objection that the complaint is defective because

facts are stated in the alternative, is not well taken. This is not a common law pleading, where all issues are required to be single. It is a complaint under the code, in an equitable proceeding. The plaintiff states the primary facts as to the time, mode, and manner of the execution of the writing set out, and follows this by a statement of his want of knowledge as to whether the paper, after being signed by John King, was or was not delivered. This is perfectly legitimate in equity pleading, and can do no harm, as the rights of the plaintiff would be the same whether the policy was or was not delivered after the signing.

By the Court, McKINSTRY, J.:

The amended complaint is uncertain and ambiguous. The demurrer should have been sustained. It does not appear from the complaint whether the policy of insurance and indorsement were or were not delivered to the defendant Joaquin. It is true that Joaquin acquired no interest in the policy if the paper was not delivered, since the indorsement cannot be held to operate as a will for want of the statutory formalities; but the defendants had the right to be informed whether the plaintiff claimed that the instrument was of none effect, because it was not delivered, or, having been delivered, that it operated only as *donatio causa mortis*. Defendants were entitled to a distinct statement of the facts by plaintiff claimed to exist; and it is no answer to an objection to averments made alternatively, to say that if either of the averments is true, the plaintiff has alleged a cause of action.

The court below did not find that the transaction was a gift, made in immediate expectation of death, but that the indorsement and delivery were "not solely in consideration of a pre-existing debt, but chiefly as a gift." This in effect is a finding that there was a valuable consideration, which was, however, in the opinion of the court, inadequate. Doubtless the concurrence of insolvency on the part of the assignor, and inadequacy of price, would be a circumstance strongly tending to establish fraud, but inadequacy or failure of consideration is not of itself sufficient, even as

against the creditors of an insolvent assignor,· to authorize a court to find fraud as a conclusion of law. By our statute it is provided: "The question of fraudulent intent in all cases arising under the provisions of this act shall be *deemed* a question of *fact*, and not of law; nor shall any conveyance or charge be adjudged fraudulent as against creditors or purchasers, solely on the ground that it was not founded on a valuable consideration." (Act concerning Fraudulent Conveyances, etc., Sec. 23.) In the case before us the District Court did not find fraud as a fact, or as a conclusion of law, nor does the amended complaint allege it.

Judgment and orders overruling demurrer and denying new trial reversed and cause remanded, with direction to the court below to sustain the demurrer, with leave to amend.

Mr. Chief Justice WALLACE did not express an opinion.