[S. F. No. 438. In Bank.—November 30, 1896.]

## C. H. KAUFMAN, PETITIONER, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, AND WILLIAM T. WALLACE, JUDGE, RESPONDENTS.

INTERPLEADER — DISMISSAL BEFORE TRIAL — CONSTRUCTION OF CODE.— Under section 581 of the Civil Code, any action, including an action of interpleader, may be dismissed by the plaintiff at any time before trial, upon payment of costs, provided a counterclaim has not been made, or affirmative relief sought by cross-complaint or answer of either of the defendants.

ID.—NEGLECT OF MINISTERIAL DUTY OF CLERK — CROSS-COMPLAINT AFTER DEMAND FOR DISMISSAL — RELATION OF JUDGMENT. — Where the plaintiff in an action of interpleader has taken every step required on his part to have the action dismissed, the failure of the clerk to perform his ministerial duties by entering the dismissal in the register, and to cause a proper judgment of dismissal to be entered in his judgment-book, cannot affect the substantial rights of the parties, nor is the right of the plaintiff to a dismissal impaired or lost by the subsequent filing of a cross-complaint by one or both of the defendants; and a judgment of dismissal thereafter entered by the clerk will relate to the date of the legal demand for dismissal of the action.

ID.—RIGHTS OF DISMISSAL—IRREGULAR JUDGMENT.—The right of the plaintiff to dismiss the action of his own motion with legal form and effect cannot be impaired by the fact that a judgment of dismissal had been before improvidently, irregularly, and illegally entered by the clerk.

APPLICATION in the Supreme Court for a writ of prohibition to the Superior Court of the City and County of San Francisco. WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion of the court.

*Garber, Boalt & Bishop,* for Petitioner.

The court below had no jurisdiction to take any proceedings in the action of *Kaufman* v. *Shain,* after a judgment of dismissal had been entered therein. (*Livermore* v. *Campbell,* 52 Cal. 75; *Kaufman* v. *Superior Court,* 108 Cal. 446.)

*Frank Shea,* for Respondent.

Where an answer praying for affirmative relief is on file, a judgment of dismissal by the plaintiff, entered by the clerk after such answer is filed, is void, although an order of dismissal had been entered upon the register of actions before the filing of the answer. (*Kreiss* v. *Hotaling,* 96 Cal. 617; *Acock* v. *Halsey,* 90 Cal. 215; *Page* v. *Superior Court,* 76 Cal. 372–76; *Clark* v. *Hundley,* 65 Cal. 96; *Mott* v. *Mott,* 82 Cal. 413; *Robinson* v. *Placerville etc. R. R. Co.,* 65 Cal. 263.) An action is not dismissed until judgment of dismissal is entered by the clerk; and an order entered in the register of actions by the clerk, that the action is dismissed by order of the plaintiff, is not a dismissal of the action. (*Page* v. *Superior Court, supra; Page* v. *Page,* 77 Cal. 83; *Barnes* v. *Barnes,* 95 Cal. 171; *Rochat* v. *Gee,* 91 Cal. 355.)

HENSHAW, J.—This is an application for a writ of prohibition to restrain the superior court, and William T. Wallace, judge thereof, from proceeding further in the action commenced in said court by C. H. Kaufman against Joseph E. Shain and others. The following facts are pertinent to this consideration: In 1889, Kaufman, who, as receiver of the estate of one Mackenzie, an insolvent, had in possession the sum of five thousand seven hundred and sixty-nine dollars and fifty-two cents belonging to his said estate, commenced an action in interpleader against the creditors of Mackenzie, rival claimants of the fund. He paid the money into court, and obtained an order thereof restraining the

defendants from proceeding against him and harassing him with litigation concerning it.

Certain of the defendants demurred to the complaint, and the demurrers coming on for hearing were sustained in the absence of plaintiff and his attorney. A minute entry was made by the clerk to the effect that the court ordered the action dismissed.

Thereafter, upon August 18, 1891, said Kaufman, believing the action to have been dismissed, in which belief the judge seems to have shared, sought and obtained an order permitting him to withdraw the money deposited by him, and, in pursuance of the order, did withdraw it.

A judgment of dismissal had not at that time been entered, but such judgment was entered and recorded by the clerk upon March 14, 1894.

Upon May 2, 1894, the attorney for Davis, another of the defendants, gave notice that he would move to correct the minute entry above referred to, and to vacate the judgment of March 14th. Notice was likewise served that an order would be sought compelling Kaufman to return into court the money so by him withdrawn. These motions were argued and submitted for decision upon May 25, 1894.

Upon May 28, 1894, while the motions were under submission, Kaufman, by his attorney, filed with the clerk of the court a dismissal of the action, and wrote an order on the clerk's order-book, according to custom, directing entry of judgment of dismissal of the action, and at the same time paid the legal fees for entering such judgment, taking a receipt therefor. At this time there was not on file on the part of any of the defendants to the action any cross-complaint, counterclaim, or claim of affirmative relief whatsoever.

The clerk did not enter this judgment as directed, justifying his refusal to do so upon the fact that a judgment of dismissal (that of March 14th) was already of record. The demand for a judgment of dismissal was, however, filed, as appears by the affidavit of the deputy clerk who

filed it.  The dismissal was entered in the clerk's register. The time of its entry is in dispute; but it is an immaterial matter which need not be determined.

Upon August 20, 1894, the court made its order correcting the minute entry by striking therefrom the order of dismissal of the action, and, at the same time, set aside the judgment entered upon March 14, 1894.  Immediately thereafter, and on said day, defendant Davis filed an answer and cross-compla

Kaufman appealed from this last order, but his appeal was not sustained.  (*Kaufman* v. *Shain*, 111 Cal. 16; 52 Am. St. Rep. 139.)

Upon February 19, 1896, the *remittitur* was filed in the matter of this last appeal, and defendant Davis gave notice that he would apply to the court for an order compelling Kaufman to repay the moneys into court. Upon the following day the clerk, at the request of plaintiff's attorney, entered the judgment of dismissal demanded upon May 28, 1894.

Kaufman is still assignee of the estate of the insolvent, and, in another department of the said court, his accounts as assignee have been presented for and are awaiting settlement.  He insists that the order, which the court is about to make, compelling him to repay the moneys into court, and all other and further threatened proceedings in said action, will be in excess of jurisdiction and void.  And he bases this upon the contention that he had a right to dismiss the action upon May 28, 1894; and that the action was legally dismissed upon said date.

Under section 581 of the Code of Civil Procedure, an action may be dismissed by the plaintiff at any time before trial, upon payment of costs, provided a counterclaim has not been made, or affirmative relief sought by the cross-complaint or answer of the defendant. This language is general.  The particle "an" is equivalent to "any," and the provisions of the section are applicable to an action in interpleader such as this, as well as to other forms and causes of action.  The plain-

tiff, Kaufman, then, had the legal right to dismiss his action before the filing upon the part of any of the defendants therein of an answer seeking affirmative relief. Upon May 28, 1894, he took every affirmative step required by the statute for this purpose. He filed with the clerk of the court a dismissal. He wrote an order therefor in the clerk's order-book, and paid the legal fees for entering such a judgment. At that time none of the defendants had made answer. There was not on file, either by answer or by cross-complaint, any claim to the fund, or for affirmative relief. If plaintiff was, at that time, entitled to dismiss his action, the failure of the clerk to perform his ministerial duties by entering the dismissal in the register, and causing a proper judgment of dismissal to be entered in his judgment-book, should not and cannot be allowed to affect the substantial rights of the parties. In other words, if plaintiff at that time had the right to dismiss his action, and had taken all the proper steps to that end, that right could not be impaired or lost by the refusal of the clerk to perform a plain duty, or by the subsequent filing of a cross-complaint by one of the defendants, or by both of these circumstances. The judgment afterward entered by the clerk upon February 20, 1896, will be considered, in determining the respective rights of the parties, as having been entered upon May 28, 1894, if, as has been said, it was the duty of the clerk at that time to have entered it.

And that this was the clerk's plain duty there can be no doubt. Plaintiff's right to dismiss his action with legal form and effect could not be impaired by the fact that a judgment of dismissal, improvidently, irregularly, and illegally entered, was upon the books. This irregular judgment of March 14, 1894, was not of the procurement of the plaintiff. He, as well as the judge of the court, accepted it, for a time at least, as being regular and legal. That it proved not to be did not deprive him of his statutory right to dismiss the action of his own motion. He took all proper steps to this end

before any answer or cross-complaint upon the part of any of the defendants was sought to be filed, and at a time when his right to dismiss was absolute.   In *Hinkel* v. *Donohue*, 90 Cal. 389, a not dissimilar state of facts was presented.   Plaintiff filed a dismissal of his action, but judgment of dismissal thereon was not entered. Thereafter defendant appeared and filed an answer, whereupon plaintiff gave notice that he would, upon a later date, move the court to strike out the answer, and to enter a judgment of dismissal in the action *nunc pro tunc.*   Defendant, before the date of the hearing of the motion, filed a cross-complaint, and contended that the action was not dismissed until judgment of dismissal had been entered, and that by the filing of his cross-complaint the right of plaintiff to dismiss the action was lost.   It was held that the plaintiff had the right to have the action dismissed at any time before trial, upon the mere filing of the dismissal, and to have judgment entered thereon accordingly, and that the judgment so entered is to be regarded as having been made at the date of the notice of the motion.   So here, to preserve the substantial rights of the parties, the judgment entered upon February 20, 1896, will be held to relate to the date of the demand for the dismissal of the action.

Let the writ issue as prayed for.

McFARLAND, J., TEMPLE, J., HARRISON, J., and VAN FLEET, J., concurred.