WOLTERS et al. v. ROSSI et al.[*]

S. F. No. 1277; March 21, 1899.

57 Pac. 73.

**Fraudulent Conveyance—Transfer to Wife.—A Transfer of** property by an insolvent judgment debtor to his wife without consideration, made after an order for his examination in supplementary proceedings had been served, and on the day before that set for the hearing, is fraudulent.

**Fraudulent Conveyance—Transfer to Wife.—The Day Before** the one set for his examination in supplementary proceedings, which was the last day in February, a judgment debtor gave money to his wife, who deposited it in a bank, which issued to her a negotiable certificate of deposit. Several days thereafter the creditor commenced an action to set aside the transfer of the money, and on the trial a witness testified that about February or March the debtor had given witness the certificate, and thereafter the latter had turned it over to another. Held, that a finding was justified that the certificate was transferred before commencement of the action.

**Actions.—On the Entry of Judgment on an Order of Plaintiff** Dismissing the action before an answer seeking affirmative relief has been filed, the court loses jurisdiction, and cannot thereafter vacate the judgment on application of defendants, and consolidate such action with another.[1]

**Depositions.—Where Neither the Parties nor the Issues in two** different actions are identical, depositions taken in one are inadmissible in the other.

**Depositions.—Depositions Taken in One Action are Inadmissible** in another as against a party who had no opportunity to cross-examine the witnesses.

APPEAL from Superior Court, Fresno county.

Action by Henry Wolters and others against Lena Rossi and others. From a judgment for defendants and from an order denying a new trial, plaintiffs appeal. Affirmed.

The original complaint herein was filed March 15, 1895. On April 1, 1895, the summons was filed showing proof of

---

[*]For subsequent opinion in bank, see 126 Cal. 644, 59 Pac. 143.

[1] Cited with approval in Palace Hardware Co. v. Smith, 134 Cal. 385, 66 Pac. 476, where it is distinguished from a case the plaintiff in which asks for the vacation of a judgment of dismissal, previously ordered on a motion by such plaintiff, made under a mistake or inadvertence.

service on the defendants Lena Rossi and C. Rossi on March 20th, and on the defendant the Farmers' Bank on March 18th.

Geo. B. Graham and Frank H. Short for appellants; H. H. Welch, L. L. Cory and A. M. Drew for respondents.

HENSHAW, J.—These appeals are from the judgment and from the order denying plaintiffs' motion for a new trial. Defendant C. Rossi was a judgment debtor of plaintiffs. On January 29, 1895, an execution issued upon the judgment of plaintiffs was returned nulla bona. On the twenty-third day of February following plaintiffs instituted proceedings supplementary to execution, and secured an order for the examination of C. Rossi and his wife, the defendant Lena Rossi. The examination was held upon February 28, 1895, before a referee. Rossi and his wife were examined. Upon the examination it was disclosed that upon the day preceding (February 27th) Lena Rossi had obtained from her husband, through the Bank of Central California, the sum of $1,652.19, and that she had deposited this money in the Farmers' Bank at Fresno, taking a certificate of deposit negotiable in form in her name. The certificate of deposit bore date March 1, 1895. Upon March 2, 1895, the court made its order restraining the Farmers' Bank of Fresno and Lena Rossi from making any transfer, use or disposition of the moneys represented by the certificate of deposit until further action of the court in the premises. Upon the same day this restraining order was served upon the defendants, and, a second execution having been issued upon the judgment, the bank was garnisheed. Leave was given to the plaintiffs to prosecute an action against the defendants Rossi and the bank to avoid the gift of the moneys by the husband to his wife, as being in fraud of the rights of plaintiffs, judgment creditors of the husband, and this action for the indicated purpose was promptly commenced. In addition to the facts which have already been recited, the complaint averred the gift by Rossi to his wife of the money in question, his insolvency at the time of the gift, and charged that the certificate of deposit from the date of its issue and delivery to the wife, Lena Rossi, until the commencement of the present action, was in the possession and control of the defendants Lena Rossi and C. Rossi, and

that they remained in full ownership and control of the certificate and of the money. It was also alleged that the gift was made with the intent to hinder, delay and defraud the plaintiffs. Upon the trial the defendants offered no evidence. The facts proved or admitted were that plaintiffs were judgment creditors of C. Rossi, and that their judgment was in full force and effect; that defendant Rossi was insolvent; that an execution issued upon plaintiffs' judgment had been returned nulla bona; that, after service upon him of the order of examination upon the day preceding the date upon which the examination was held, he had given to his wife, without valuable consideration, the sum of $1,652.19, which she had deposited in the Farmers' Bank, taking a certificate of deposit therefor, as above stated. The court, however, found that this gift to the wife was not made in fraud of the rights of any of the creditors of C. Rossi, nor with any intent upon the part of C. Rossi to hinder, delay or defraud those creditors.

As the law of this state now stands, the undisputed facts in this case would conclusively establish a fraud against the creditors: See section 3442, Civil Code, as amended in 1895. At the time of the commencement of this action, however, such a transfer by an insolvent debtor was not deemed conclusively fraudulent, and whether or not the transfer was made with a fraudulent intent was a question of fact for the judge or jury. Upon that state of the law respondents contend that the finding of the court is fully justified, and they argue that our decisions declare that conclusive evidence of fraudulent intent upon the part of the donor or grantor is not established by proof merely that he was insolvent, and that the grant or gift was made without valuable consideration. But an analysis of the cases upon which respondents rely will demonstrate that they lend little solace or support to the proposition for which they contend. The code and fraudulent conveyance act at the time when those cases were decided, and at the time when this suit was commenced, declared that no transfer or charge could be adjudged fraudulent solely on the ground that it was not made for a valuable consideration. In McFadden v. Mitchell, 54 Cal. 628, there was under review an instruction which was in direct violation of the code provision, and which declared that, if there was no valuable consideration for the trans-

fer, it was void.  While condemning this instruction, as of
needs it must, this court said: "Inadequacy of price and in-
solvency of a debtor may be circumstances more or less
potential in the determination of fraud as a question of
fact, but failure of consideration is not in itself sufficient to
justify a court in finding fraud as matter of law." In Jami-
son v. King, 50 Cal. 132, it is said: "Doubtless the concur-
rence of insolvency on the part of the assignor, and inade-
quacy of price, would be a circumstance strongly tending to
establish fraud, but inadequacy or failure of consideration
is not of itself sufficient." In Threlkel v. Scott, 89 Cal. 351,
26 Pac. 879, the discussion was upon the necessity of alleg-
ing a fraudulent intent in the complaint, and it was held
to be an indispensable averment, since, as says this court
arguendo: "The fraudulent intent which is itself a question
of fact cannot be inferred from the facts stated in the com-
plaint . . . . for the further reason that a voluntary convey-
ance by an insolvent debtor is not necessarily fraudulent
and void as to creditors." In Windhaus v. Bootz, 92 Cal.
617, 28 Pac. 557, the refusal of the trial court to set aside
as fraudulent and void a deed of gift of real property, made
by the defendant to his wife more than five years before
execution upon the judgment was returned unsatisfied, was
upheld by this court principally upon the ground that the
evidence failed to show that at the time of the gift the de-
fendant was insolvent. In Knox v. Moses, 104 Cal. 502, 38
Pac. 318, the trial court found that a voluntary conveyance
by Bray, an insolvent, had been made without fraudulent
intent, and upon a review of the evidence this court upheld
the finding. But in that case the evidence in support of
the transfer showed that, at the time the deed was made,
Bray, the grantor, was engaged in business affairs of large
moment; that his assets and liabilities each approximated
$700,000; that he did not know that he was in an insolvent
condition; that the deed was to land of trifling value, as
compared with his assets; that he was residing with his
family upon land of greater value, which he did not home-
stead, and which passed to his creditors; and that he carried
on vast business enterprises for three years and a half after
the date of the transfer. In Bull v. Bray, 89 Cal. 286, 13
L. R. A. 576, 26 Pac. 873, the court made certain find-
ings, but failed to find the ultimate fact as to the fraudulent

or nonfraudulent intent with which the conveyance was made, and this court held that such a finding was necessary, and that the ultimate fact of a fraudulent intent did not necessarily and conclusively follow from the facts found, saying: "Bray did actually defraud Bull in the making of the deeds by depriving him of property which would otherwise have been applied to the satisfaction of the execution; but it does not necessarily and conclusively follow therefrom that the intent was present in his mind to defraud, or that in making the transfer he may not have been actuated by the most honest motives." In that case the facts appeared as in the case of Knox v. Moses, just preceding. And a most significant and persuasive fact against the argument of fraudulent intent was the finding of the court that at the time of the conveyance Bray was not aware of his insolvency. In the concurring opinion of Chief Justice Beatty in that case it is said: "When an insolvent debtor makes a gift of his property to a donee of his own selection, there can be but one result, so far as his creditors are concerned. They are necessarily deprived of what is lawfully theirs, and the law ought to pronounce such a transaction ipso facto fraudulent and void as to them." Five years after this utterance the legislature, in consonance with it, has so declared. Still further it is said: "There should be no hesitation in stating and in everywhere insisting upon the proposition that a voluntary conveyance by an insolvent debtor is prima facie proof of a fraudulent intent, which throws upon the donee the necessity of rebutting the inference of fraud."

Such a rule may be adopted without doing the slightest violence either to the letter or to the spirit of section 3442 of the Civil Code. By that portion of the section which we have been considering it is declared merely that a transfer cannot be adjudged fraudulent solely on the ground that it was not made for a valuable consideration, and this court has said, as logically it was compelled to say under that law, that the establishment of the fact of insolvency, with the fact of a voluntary gift, did not conclusively prove the fraudulent intent. In some of the cases above adverted to are shown circumstances which were deemed sufficient to overcome the presumption or prima facie showing of fraudulent intent which is thus established. For example, in Bull v. Bray, supra, while the gift was a voluntary gift, and made

by an insolvent, the other facts in evidence, that the insolvent did not know of his insolvency, that he was a man of large business affairs, and that he conducted these affairs for years after the date of the gift, were sufficient to overcome the prima facie showing. In Jamison v. King, supra, the gift partook of the nature of a gift causa mortis, and was not wholly without consideration, but was made, at least in part, in cancellation of a pre-existing debt. So, while the fact that a voluntary gift was made by an insolvent was not, under our law, sufficient to establish conclusively the fraudulent character of the gift—conclusively, in the sense that no circumstances of explanation or extenuation would suffice to change, in the eye of the law, the character of the transaction (which is the present situation under the code) —it has not been held, and never could reasonably have been held, that the unexplained fact that an insolvent makes a voluntary gift, whereby his creditors are in fact defrauded, did not compel a recognition of a fraudulent intent.

In the case at bar we have, however, not alone the unexplained circumstance of a gift made by an insolvent without consideration, but we have the added fact that the defendant made the gift to his wife after an order of examination had been served upon him, and upon the day before he was called upon to testify under that order. No other conclusion can reasonably follow these unexplained facts than that the gift was made with the intent to defraud the rights of the plaintiff creditors, and, in this view of the evidence, the finding to the contrary is wholly unsupported.

Another of the findings of the court assailed by appellant is to the effect that the certificate of deposit was not continuously after its issuance, and was not at the date of the commencement of this action, in the possession or control of the defendants Rossi, or either of them, and that the ownership thereof had been transferred to other persons. The importance of this finding is at once apparent when it is considered that the purpose of the action is to obtain a judgment that the $1,652 represented by the certificate is the money and property of C. Rossi, applicable to the payment and satisfaction of plaintiffs' judgment, and that a decree is sought ordering the Rossis and the Bank of Fresno to apply the money to this end. It is well settled that a certificate of deposit such as was issued in this case

is a negotiable instrument, which affords a continuing security to the holder. It is not regarded as overdue and dishonored until after presentation for payment. The date of its maturity is the date of such presentation. "The certificate is payable when payment is demanded by the party entitled to receive the money, and who avouches the fact by producing the instrument with evidence of title": Daniel, Neg. Inst., sec. 1707. Where money has been placed on general deposit in a bank, and a negotiable certificate of deposit has been issued to the depositor for the amount, there is nothing left in the possession of the bank belonging to the depositor upon which an attachment issued against his property can fasten. The bank by the certificate becomes liable, not to refund to the depositor the specific money deposited, but to pay the amount of the deposit to the holder of the certificate, whoever he may be, on presentation: McMillan v. Richards, 9 Cal. 365, 70 Am. Dec. 655. Equity, however, may restrain the transfer of such negotiable instruments, and order them subjected to such disposition as it may deem just, but before this course can afford the slightest relief it is apparent that the restraining order must be served upon the present holder of the instrument. Only so may the difficulty be met, for the promise of the bank is out, and it is a promise to pay the holder of the certificate upon presentation, and this obligation is unaffected by any litigation in which the instrument is involved, unless the instrument and the party in possession of it are before the court. Plaintiff in this case met the difficulty by his averment that the certificate of deposit remained at all times in the ownership and possession, custody and control of the defendants Rossi. The court found to the contrary. The only evidence upon the subject is that of the witness B. T. Scott. He testified: "About the month of February or March" Mr. and Mrs. Rossi drove up to his store, and gave him the certificate of deposit indorsed by Mrs. Rossi, and told him to collect it if he chose and use it in his business. Afterward he was instructed to turn the certificate over to W. Rigby for collection, and he did so. He did not know upon the trial where the certificate was, nor what had become of it. This being all the evidence in the case upon the question, it is clear that at the time of the trial the outstanding certificate might have passed

through a dozen hands, and might be held by a bona fide purchaser for value and without notice. Certain it is that the Rossis had parted with the custody and control of it, and that any bona fide holder without notice would be entitled to receive from the bank the amount of money named in it. This evidence, then, supports the finding of the court. The restraining order and garnishment were served upon the bank, as in the case of McMillan v. Richards, after the issuance of the certificate of deposit. The plaintiffs have failed in their attempts to seize or impound the certificate. A judgment in this case compelling the bank to pay the money to the plaintiffs would not protect it against a future demand by the holder of the certificate. The plaintiffs, therefore, have unfortunately failed in their effort to grasp the corpus of the property, and cannot obtain their desired judgment.

It is plaintiffs' contention, however, that, but for an error of the court, Rigby, the last-known holder of the certificate, would have been before the court, and that by showing that he was not a bona fide holder of the certificate they would have proved themselves entitled to the moneys in bank. This contention grows out of the following state of facts: After plaintiffs had instituted this action Rigby commenced suit against the bank, averring that he was the holder of the certificate of deposit, and that the bank, after presentation and demand, had refused payment. The bank applied to the court for leave to deposit the amount named in the certificate in court to await its action, and asked that upon such deposit it be dismissed from the action, and plaintiffs in this case be substituted in its place and stead. The order was made accordingly. Thereafter, and before any answer seeking affirmative relief upon the part of the defendants was on file, Rigby dismissed his action, and procured the entry of a judgment of dismissal in due form. Upon the entry of this judgment the action was finally at an end, and the court lost jurisdiction of it: Page v. Page, 77 Cal. 83, 19 Pac. 183; Acock v. Halsey, 90 Cal. 215, 27 Pac. 193; Barnes v. Barnes, 95 Cal. 171, 16 L. R. A. 660, 30 Pac. 298; Kaufman v. Superior Court, 115 Cal. 152, 46 Pac. 904; Evans v. Johnston, 115 Cal. 180, 46 Pac. 906. Notwithstanding the fact that the Rigby action had thus come to an end, and that the court's jurisdiction over it was thereby lost,

the court, upon application of plaintiffs in this action (substituted defendants in the other action), vacated the judgment of dismissal, and consolidated the two actions for trial. Upon the trial plaintiffs offered the depositions of Rigby and one Ehrman, taken in the Rigby action, and objection was made to their reception in evidence. The court excluded them, and properly. The Rigby action was at an end, the order of consolidation was without force and effect, and, except upon the theory that the Rigby action was an existing action consolidated with the present action, the depositions had no place in evidence; this, if for no other, yet for the sufficient, reasons that neither the parties to, nor the issues in, the two actions were identical, nor yet did the defendants Rossi in the present action have any opportunity to cross-examine the witnesses whose evidence was thus sought to be employed against them. We have preferred to discuss the questions presented upon this appeal without regard to the preliminary objection made by respondents to the consideration of the evidence upon the ground of the insufficiency of the specifications of error; but for the reasons given the judgment and order are affirmed.

We concur: Temple, J.; McFarland, J.