Betancourt, Peticionario y Apelado, *v.* La Junta de Subastas del Municipio de Río Grande, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Primer Distrito, en procedimiento de *mandamus;* (condena de costas).

No. 2542.—Resuelto en marzo 20, 1922.

*Mandamus*—Costas—Temeridad de la Demandada.—Apeló de la condena de costas en el presente caso una junta municipal de subastas que después de presentada la prueba de las partes se allanó a cumplir un auto condicional de *mandamus* expedido a petición de un licitador que bajo la alegación de haber venido tomando parte habitualmente en las subastas hasta que la demandada le negó el derecho de hacer proposiciones, demandaba el amparo de tal derecho. *Se resolvió:* que la temeridad de la demandada justifica la condena de costas y que en tales condiciones no era necesario alegar que la junta había sido previamente requerida para que admitiera las proposiciones del demandante.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. L. S. Vahamonde.*

Abogado de la apelante: *Sr. J. Soto Rivera.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Luis Betancourt acudió a la Corte de Distrito de San Juan, Sección Primera, alegando que la Junta de Subastas del Municipio de Río Grande, compuesta por Ramón M. Figueroa, Luis Pimentel y Eugenio Andrade, lo rechazaban sin razón alguna como licitador en las subastas de carnes frescas y le pidió que librara un auto de *mandamus* para que lo admitieran en las subastas. Fué librado un auto condicional de *mandamus* en el que se señaló día para que los demandados comparecieran a exponer las razones que tuvieran para no cumplir lo que se les ordenaba y en ese día, después de haber presentado sus pruebas ambas partes, los demandados presentaron moción allanándose a lo solicitado por el demandante y pidiendo que se les relevara del pago de las costas. Después, la corte dictó sentencia decretando el

auto perentorio de *mandamus* e imponiendo las costas a la parte demandada.    Por la condena de costas es que la parte demandada ha establecido este recurso de apelación.

En vista del allanamiento de la demandada la única cuestión que consideró la corte inferior en su opinión fué la relativa a las costas y las impuso a la demandada por estimar que de las alegaciones y de la prueba practicada se desprende que con su conducta temeraria puso al demandante en el caso forzoso de acudir a este procedimiento para amparar sus derechos y porque tratándose de un procedimiento especial es imperativa su concesión a la parte victoriosa.

Es cierto como sostiene la apelante en el primer motivo de su recurso que la concesión de costas en los procedimientos especiales no es imperativa para las cortes después de publicada la Ley No. 38 de doce de abril de 1917, según hemos resuelto en el caso de *Candal* v. *Vargas,* 29 D. P. R. 648 y en otro que en él se cita, pero la corte inferior se fundó también en la temeridad de la parte demandada para imponerle las costas.

No creemos que al estimar la corte inferior que hubo temeridad en la parte demandada cometiera error, como alega la apelante, por el hecho de que en la demanda no se alegara que la demandada había sido requerida para que admitiera al demandante a tomar parte en la subasta.    Tal requerimiento no era necesario en un caso como el presente en el que el peticionario alega que había venido tomando parte en las subastas hasta que la demandada no se lo permitió no obstante las proposiciones presentadas por el peticionario.    Por otra parte la conducta de la demandada no cumpliendo el mandato de la corte y dando lugar a que se presentaran las pruebas de ambas partes para después allanarse a la petición demuestran una conducta temeraria, pues si por el resultado de los consejos de sus abogados hubiera cumplido la orden de *mandamus* o por no haber subastas en aquel momento hubiera contestado que estaba dispuesta a cum-

plirla, hubiera ahorrado molestias a la corte y al peticionario y también a éste el tener que asistir a la vista y presentar su prueba.

La sentencia en el particular de costas que ha sido apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro, y Asociados Wolf y Hutchison.