HERNÁNDEZ, DEMANDANTE Y APELANTE, *v.* SUCESIÓN CÓRDOVA ET. AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Arecibo en pleito sobre liquidación y división de bienes (memorándum de costas).

No. 2875.—Resuelto en marzo 19, 1923.

COSTAS—HONORARIOS DE ABOGADO—SENTENCIA POR DESISTIMIENTO.—Un demandado puede obtener honorarios de abogado en memorándum de costas presentado como consecuencia de una sentencia que tuvo por desistido, con costas, al demandante, antes del juicio.

Los hechos están expresados en la opinión.
Abogado de la apelante: *Sr. L. Mercader.*
Abogados de los apelados: *Sres. Largé & Zeno.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La apelante estableció demanda sobre liquidación y partición de bienes.

El artículo 192 del Código de Enjuiciamiento Civil prescribe en parte lo siguiente:

"Se podrá desistir de una demanda, o declararse abandonada, en los casos siguientes:

"1. Por el mismo demandante en cualquier tiempo antes del juicio, previo pago de costas; salvo que mediase una reconvención, o que el demandado en su contrademanda o en la contestación, hubiere solicitado alguna resolución a su favor. Si se hubiese acordado alguna medida provisional deberá el secretario entregar el documento de la fianza al demandado, quien podrá proceder contra el importe de la misma."

Entonces, después de prescribir sobre la anotación preliminar en el libro de registro del secretario, dispone que se dictará sentencia de conformidad.

En una contestación formulada en este caso, después de resueltas por la corte una moción eliminatoria y ciertas excepciones previas, se alegaba además de hacerse una negativa general de todos los hechos de la demanda, que la demandada es la dueña exclusivamente de la finca descrita en la demanda, y concluía con la súplica de que se declarara sin lugar la demanda, con las costas a la demandante.

El caso fué señalado para juicio y el día anterior a la fecha así fijada, la demandante manifestó por escrito su deseo de desistir de la continuación del pleito, "sin especial condena de costas." En el registro del secretario no se hizo ninguna anotación y la apelante en su alegato se refiere a la alegación que acaba de citarse como una moción de desistimiento. La corte inferior después de referirse a esta "moción" y al apartado primero del artículo 192, *supra,* dictó sentencia de desistimiento, con costas.

Posteriormente presentó la demandada un memorándum de costas estableciéndose la presente apelación contra una resolución que fija la cuantía de dichas costas, incluyendo honorarios de abogado. La demandante impugnó el memorándum original por los fundamentos, primero, de que su ra-

dicación era prematura, segundo, que el juramento era nulo, y tercero, que la corte carecía de facultad o jurisdicción para compeler a su pago después de un desistimiento voluntario hecho por la demandante con anterioridad al juicio.

Fué presentado entonces un memorándum enmendado sin otra alegación en oposición al mismo.

Pero en el alegato se insiste en dos cuestiones, a saber, que la presentación del memorándum era prematura y que la corte se excedió en su jurisdicción al conceder honorarios de abogado.

Si no se renunció a la objección hecha basada en que el memorándum había sido presentado antes de vencer el término permitido por la ley para una apelación debido a no hacerse alegaciones sobre el memorándum enmendado, ni hacerse mención al hecho de no apelarse de la sentencia de desistimiento, si tal radicación prematura constituía un defecto jurisdiccional, o si el dejar la corte inferior expresamente de dictar resolución sobre este punto en realidad perjudicó a la demandante en algún derecho substancial, incumbe entonces a la apelante establecer semejante proposición mediante la debida demostración en su alegato. Ella ha dejado enteramente de hacer esto.

Pero se dice que las únicas costas que un demandante está obligado a pagar de acuerdo con el artículo 192, *supra,* son las costas del secretario ya fijadas, o que puedan devengarse como incidentales a las anotaciones que hayan de hacerse por él. Se citan en relación con esto los casos de *Todd Hunter* v. *Klemmer,* 134 Cal. 60, y *Koffmann* v. *Superior Ct.,* 115 Cal. 152. Esos casos sostienen la proposición de tal modo sometida, sólo en cuanto a las costas que han de satisfacerse al momento de radicarse la solicitud para desistir. Pero de ello no se infiere que allí termina el asunto, o que el demandado queda sin remedio. El artículo 192 ha de interpretarse en relación con otras disposiciones del Código, y la anotación en el registro aún cuando vaya seguida por una

sentencia registrada por el secretario, no impide una sentencia ulterior por costas, a discreción de la corte, a virtud de la oportuna solicitud hecha por el demandado. El memorándum corriente y la fijación de la suma que ha de pagarse, son, por supuesto, un mero incidente y el resultado lógico de tal sentencia. Podemos, de paso, hacer referencia a los casos de *Chicago etc. Ry. Co.* v. *Trueman*, 18 Idaho 687, y *Spinks* v. *Superior Court*, 26 Cal. App. 793, como que sostienen de modo general este criterio del asunto.

"Por regla general cuando el demandante voluntariamente desiste o abandona su acción, el demandado tiene. derecho a costas." 15 C. J. pág. 68, sección 118.

Los artículos 327 y 339 del Código de Enjuiciamiento Civil como han sido enmendados se citan enteramente en el caso de *Zorrilla* v. *Orestes*, 28 D. P. R. 746, y no es necesario reproducirlos aquí.

El párrafo inicial del artículo 327, como ahora subsiste prescribe que "las partes en pleitos o procedimientos, incluyendo al Pueblo de Puerto Rico, tienen derecho a las costas y desembolsos que en ellos se les hayan irrogado, con sujección a las reglas que más adelante se establecen."

Y la disposición final de dicho artículo es "que los honorarios y costas serán concedidos discrecionalmente por el juez que entienda en el pleito o procedimiento, teniendo en cuenta el grado de culpabilidad, si la hubiere, de la parte condenada por la sentencia."

No existe conflicto necesario o irreconciliable entre estas disposiciones y el texto del artículo 192, como ha sido interpretada en los casos de Idaho y California, a los cuales acabamos de referirnos.

Debe confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.