PERFECTO RODRÍGUEZ PÉREZ y JOSÉ A. LICEAGA FRÍAS, haciendo negocios bajo el nombre común de ''RODRÍGUEZ & LICEAGA, LTD.'', demandantes y apelados, *v.* CENTRAL PASTO VIEJO, INC., demandada y apelante.

No. 4771.—*Sometido:* Diciembre 3, 1929. *Resuelto:* Febrero 4, 1930.

*J. Vendrell*, abogado de la apelante; *Arturo Aponte*, abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

 Se trata de una apelación interpuesta por la demandada contra una sentencia por costas que no excluía los honorarios de abogado. Perfecto Rodríguez y otro llegaron a ser partes en un contrato celebrado con la Central Pasto Viejo, Inc., y por un supuesto quebrantamiento presentaron demanda en cobro de $966.17, más los intereses y costas. La demandada excepcionó la demanda. El día señalado para la vista los demandantes no comparecieron. La demandada entonces retiró su excepción y obtuvo veinte días para contestar. Posteriormente se radicó una contestación allanándose a una sentencia por la cantidad reclamada, más sus intereses, pero, aduciendo hechos para justificar su posición, solicitó que se excluyeran los honorarios de abogado. Se celebró una vista sobre esta contienda y la corte se negó a excluirlos.

La corte se basó en los casos de *Hernández* v. *Sucesión Córdova et al.*, 31 D.P.R. 639; *Zorrilla* v. *Orestes et al.*, 28 D.P.R. 749, y *Betancourt* v. *Junta de Subastas del Municipio de Río Grande*, 30 D.P.R. 245, y la apelante trata de distinguirlos. La corte también resolvió que de acuerdo con los hechos del caso la demandada no debió haber obligado a los demandantes a entablar su demanda, y a utilizar así los servicios de un abogado.

De acuerdo con la ley, según quedó finalmente enmendada por la Ley No. 38 de 1917 (véase leyes de 1917 (1) pág. 207), la imposición de costas cae dentro de la discreción de la corte sentenciadora, a menos que la parte demandada deje de comparecer. En este caso la demandada no solamente compareció sino que presentó una excepción previa y luego indicó su intención de contestar y en realidad radicó una contestación en que trataba que se excluyeran los honorarios. De acuerdo con la ley, tenía, podríamos decir, un *locus penitentiae*, pero no se aprovechó de ello. No creemos necesario

entrar en las excusas que la demandada tuvo para no pagar la suma reclamada.

El alegato de la apelante, después de discutir las excusas, admite que algún tiempo después de radicarse la demanda se aconsejó a la demandada que pagara la reclamación. Este consejo pudo haberse obtenido antes si, según era muy posible, a la demandada no se dió anteriormente un consejo distinto. Los demandantes tuvieron que consultar a un abogado. El abogado tuvo que preparar una demanda y después que la demandada indicó su intención de contestar, quizá tuvo además que preparar el caso para juicio. Todas estas cuestiones y muchas otras pudieron haber inducido a la corte a no excluir los honorarios de abogado.

Para decir que la corte cometió un abuso de discreción, la apelante debe convencernos de que existía una defensa meritoria o tal vez de que la demanda no aducía hechos para determinar una causa de acción. Cuando tal defensa es dudosa, la corte inferior debe gozar de amplia discreción con la cual esta corte no se siente inclinada a intervenir excepto cuando se trata de un caso muy claro.

*La sentencia apelada debe ser confirmada.*