No. 39,140

THE STATE OF KANSAS, ex rel. HAROLD R. FATZER, as Attorney General of the State of Kansas, *Plaintiff*, v. OWEN MARTIN, GERALD L. WRIGHT, and CURTIS HOLT, as pretended members of Rural High-school Board of a pretended Rural High-school District, pretended to have been established in Bourbon County, Kansas, on March 4, 1953, *Defendants*.

(258 P. 2d 1000)

Opinion filed July 6, 1953.

*Douglas Hudson,* of Fort Scott, argued the cause, and *Harold R. Fatzer,* attorney general, *Howard Hudson,* and *Douglas G. Hudson,* both of Fort Scott, were with him on the briefs for the plaintiff.

*R. L. Letton,* of Pittsburg, argued the cause, and *P. E. Nulton,* of Pittsburg, was with him on the briefs for the defendants.

The opinion of the court was delivered by

WERTZ, J.: This is an original action in quo warranto brought on relation of the attorney general against the defendant members of a rural high-school board to determine whether a proposition for the establishment of a rural high-school district, submitted to the voters of the proposed district carried by the required majority of those voting in each of the rural and urban areas, as contemplated by G. S. 1951 Supp., 72-3541. The pertinent stipulated facts are as follows:

In the proceedings for the organization of the proposed rural high-school district there were included within the boundaries two cities of the third class, with an established population of over 100 people, the city of Bronson with 428, and the city of Uniontown with 262. Each of these cities have had since the year 1902 a four-year accredited high school in connection with the common-school district in which each city is located. At an election called and held for the establishment of a rural high-school district pursuant to G. S. 1951 Supp., 72-3541 in the territory platted, the vote as finally canvassed by the board of county commissioners in relation to the proposition submitted was as follows: The total vote of the entire area was 1,087. The proposition in the area as a whole carried 656 votes for and 431 against. The total vote as broken down is as follows: The city of Bronson cast 220 votes of which 42 favored the proposition and 178 were against. The city of Uniontown cast a total vote of 156, of which 154 favored the proposition and 2 were against. In the rural area 711 votes were cast, of which 460 favored the proposition and 250 were against.

The question presented to this court is—did the proposition to establish the rural high-school district in Bourbon county fail by reason of the fact that the city of Bronson, an incorporated city of more than 100 population, voted against the submitted proposition?

The pertinent part of G. S. 1951 Supp., 72-3541, under consideration, reads:

"At such election, the proposition shall be deemed carried if a majority of those voting thereon shall vote in favor of such proposition: *Provided,* That if the territory of the proposed district shall include *an* incorporated city with a population of more than one hundred, such proposition shall not be deemed to have carried unless a majority of those voting in *said city* and a majority of those voting in the territory outside of *said city* shall vote in favor thereof." (Emphasis supplied.)

Plaintiff contends that if the territory of the proposed district shall include more than one incorporated city with a population of more than one hundred such proposition shall not be deemed to have carried unless a majority of each of said cities shall have voted in favor thereof.

Defendants contend that if the territory of the proposed district shall include one or more incorporated cities with a population of more than one hundred such proposition shall not be deemed to have carried unless a majority of those voting in such *cities* and a majority of those voting in the territory outside of said *cities* shall have voted in favor thereof. Defendants urge their interpretation does not require any major change or alteration of the verbatim terms of the statute; it only requires that the word "city" literally stated in the singular, be construed to include the plural, as if it read "city or cities."

It is apparent that the sole question in this case is the interpretation to be placed on the word "an" as used in the foregoing statute. We think it is clear that the use of the word "an" in the phrase "an incorporated city" considered with the two subsequent italicized phrases "said city" is to be interpretated in no other sense than in its ordinary meaning as indicating the singular number, and means "a," "any" or "one."

Webster's New International Dictionary, Second Edition, defines the word "an" as follows:

"An, adj., or (as usually called) the indefinite article . . . One; some one; any one; indicating the singular number or its noun without emphasis."

. . . . . . . . . . . . .

"In present usage 'an' is invariably the form of the indefinite article before words beginning with a vowel sound, . . . and 'a' is invariably. . . . , the form before words beginning with a consonate sound, . . ."

Words and Phrases, Permanent Edition, Vol. 3, page 373, the word "an" is judicially defined:

"The article 'an' is equivalent to 'any,' . . . *Kaufman v. Superior Court of City & County of San Francisco,* 46 P. 904, 905; 115 Cal. 152."

In 3 C. J. S. at page 1060 "an" is defined:

". . . The word implies a single entity, has been held to preclude a number more than one, or a series; and is seldom used to denote plurality. It has been defined as any; one."

The legislature in using the word "an" was following the ordinary grammatical construction as the use of "a" could not have been proper inasmuch as it preceded a word commencing with a vowel, and only the words "an" or "any" would have been proper. Moreover, it is apparent that the legislature intended it to have a singular meaning because it referred to "said city" in the singular on two subsequent occasions in the proviso.

The article "an" being equivalent to "any" it was a matter of legislative choice as to which word should be used in the statute. The language of the statute appears to be clear and there is no justification for a substitution of the words "city or cities" for the expression "an incorporated city" or "said city." We can see no reason why the words in the instant case should be given any connotation different than the ordinary usage implies. We are of the opinion that the word "an" as used in the mentioned statute is interpreted to imply a city or any city among a number of cities and does not embrace all the cities.

It appears that it was the intention of the legislature to protect not only the rural population and the urban population from each other but also to protect urban centers from one another.

Inasmuch as the proposition failed to carry in the city of Bronson it necessarily follows that no rural high school district was legally established and judgment is entered in favor of plaintiff for costs.

It is so ordered.