[Civ. No. 8291.   Third Dist.   Sept. 28, 1953.]

HORACE A. STUMP, Respondent, v. FRANK TIPPS et al.,
Appellants.

Crofford W. Bridges and Leo J. Todd for Appellants.

Chamberlain & Chamberlain and F. L. Sinclair for Respondent.

VAN DYKE, P. J.—Plaintiff and respondent Horace A. Stump brought this action against defendants and appellants, Frank Tipps, L. D. Crain and David Hartman, and other defendants not appealing. By his complaint respondent sought to have his title quieted to certain assigned claims against Bank of America National Trust and Savings Association and Mercantile Acceptance Corporation of California as against the claims of defendants to an interest therein. Frank Tipps and one M. R. Bickham had been copartners conducting an automobile sales business in Grass Valley, and in the conduct of that business had sold commercial paper, representing unpaid amounts on the purchase of automobiles to the bank and the acceptance corporation. This was done under agreements whereby sums were withheld by the acceptors against possible losses through failure of purchasers to complete their payments. The partnership got into financial difficulties and in early August of 1949 Bickham approached respondent with the suggestion that he come to

the financial aid of the business. This respondent was willing to do, provided, as he testified, Tipps would be no longer associated with the business as partner or otherwise and that the money advanced by respondent should be used exclusively for the payment of partnership obligations then existing, it being contemplated by him that he would advance money enough to pay all such obligations. On August 6, 1949, Tipps and Bickham made an agreement providing for the dissolution of the partnership, the purchase by Bickham of Tipps' interest in its assets and the payment by Bickham of all partnership obligations. Bickham was to pay Tipps what would, upon audit, be determined to be the value of his interest in the partnership assets. He was to make certain payments and delivery of assets in kind at once and the balance in monthly installments commencing when the audit was complete. Tipps executed a bill of sale of his interest to Bickham and the same was escrowed for delivery against full payment. The immediate possession of all of the partnership business and assets was given to Bickham and the agreement declared that "Said partnership shall be hereby dissolved." Upon being shown this signed agreement respondent began advancing money and in a short time had advanced nearly $12,000. On October 11, 1949, he received from Bickham a promissory note for that sum, purporting to be the note of the partnership. He testified that his loans were made to the partnership, as did Bickham. He received as security for the payment of the note a chattel mortgage upon certain shop equipment and an assignment of the reserve funds held by the bank and the acceptance corporation. Bickham and Tipps proceeded along the lines of their agreement and appellant Hartman was employed as auditor. But on December 8, 1949, Tipps sued Bickham, filing what he denominated a "Complaint for Accounting after Dissolution of Partnership." Therein he charged various fraudulent conduct upon the part of Bickham and breaches of his duty as partner in control after dissolution and he prayed that the August 6, 1949, agreement be declared null and void; that an account be taken of all partnership transactions and that Bickham account for transactions as to property of the firm "since its purported dissolution under the agreement of August 6, 1949." He asked that the partnership assets be sold, the debts paid and the surplus divided. Respondent intervened in that action, but subsequently and before trial, he dismissed his complaint and was not a party to the suit

thereafter. In another action he foreclosed his chattel mortgage and credited the amount received upon his note. The Tipps-Bickham action went to judgment October 20, 1950. In the meantime the parties had, however, stipulated for arbitration, which was had; a motion had been made for judicial confirmation of the arbitration effected; objections thereto were made, and the court after further hearing entered judgment as follows: That Bickham pay to Tipps the sum of $3,500; to David Hartman, for auditing services during the accounting suit and arbitration, the sum of $1,155; to Maurice E. Whitting for auditing services the sum of $234; and to L. D. Crain and Arnold Sullivan, as arbitrators, the sum of $300 each. It was further ordered that if these sums were not paid as adjudged within 15 days from the entry of judgment the assets of the firm be sold under execution and from the proceeds of the sale the amounts adjudged be paid, and the balance paid to Bickham. On June 21, 1951, this action was begun by respondent and judgment was procured by him in his favor which, speaking generally, quieted his title to the reserves held by the bank and the acceptance corporation as against any claims thereto by the defendants.

The trial court found, and the finding is unchallenged, that respondent had advanced the full $12,000 and found upon substantial evidence that this money had been used to pay partnership debts. ■ Appellants' contention was that these moneys were not advanced to the partnership, but to Bickham individually, and that the purported partnership note for the repayment thereof given respondent by Bickham was of no effect and was beyond the power of Bickham to execute for the partnership. But both Bickham and respondent testified that the moneys were loaned to the partnership to pay partnership debts. The court so found and the finding is thus supported. Equally supported is the finding that to secure the repayment of these loans evidenced by the note, Bickham assigned to respondent the reserve accounts, which assignments were accepted by the holders of those reserves. The amounts which each acceptor held was determined and is not in dispute and these funds aggregate several thousand dollars less than the amount unpaid upon respondent's note. As to the use made of the money advanced by respondent, there was ample testimony that it was used exclusively to pay existing partnership creditors. ■ We think, therefore, the trial court was correct in holding that Bickham had authority to deal with respondent as he did and to secure

the repayment of funds loaned by the assignments he made. He was acting to wind up partnership affairs pursuant to the agreement between the partners, and clearly that agreement was sufficient to stand as a partnership dissolution, for by it the business and the assets of the firm were turned over to Bickham and Tipps withdrew from active participation in partnership affairs. "The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business." (Corp. Code, § 15029.) "On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed." (Corp. Code, § 15030.) "(1) After dissolution a partner can bind the partnership . . . (a) By any. act appropriate for winding up partnership affairs or completing transactions unfinished at dissolution; . . ." (Corp. Code, § 15035.) ▮ The dealings between Bickham and respondent fall squarely within the foregoing statutes and so far as Tipps is concerned he was bound thereby and respondent was properly adjudged to have as against Tipps a prior right to collect and apply to his note the reserve accounts which were the subject of this action. The same priority existed as to appellants Hartman and Crain. Neither of them was a creditor when respondent received his assignments and no reason is shown why as to them likewise the assignments should not vest in respondent a prior right to the funds assigned.

▮ Appellant Tipps contends that the judgment rendered in the action he brought against Bickham for accounting in which it was adjudicated that Bickham was indebted to him for a certain sum, being the value of his interest in the partnership, was res adjudicata as to claims of respondent, but it is clear that respondent never entered that suit nor was a party thereto except through his complaint in intervention which was dismissed before matters within the embrace of that action were adjudicated. He could not, therefore, be bound by the judgment and if it had been sought in any way to bind him thereby it was for the plaintiff in that action to make him a party thereto. Respondent had full right to dismiss his complaint in intervention since no demands had been made against him. (*Kaufman* v. *Superior Court*, 115 Cal. 152, 155 [46 P. 904].)

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.