[S. F. No. 1938.    Department One. — October 25, 1901.]

PALACE HARDWARE COMPANY, Respondent, v. WIL-
LIAM M. SMITH, Appellant.

SETTING ASIDE JUDGMENT OF DISMISSAL — MISTAKE OF PLAINTIFF —
SETTLEMENT OF ACTION — OVERSIGHT OF ASSIGNED CLAIM — APPEAL.
— A plaintiff who, by mistaken oversight of a small assigned claim,
included in the complaint, but not in the prayer for judgment, set-
tled the action for the amount of the principal claim and costs, and
consented to a judgment of dismissal thereof, may, upon exercis-
ing diligence and taking proper steps after discovery of the mistake,
be relieved against the judgment of dismissal, under section 473 of
the Code of Civil Procedure; and an order granting such relief will
not be disturbed upon appeal.

ID. — CONSTRUCTION OF CODE — CONSENT TO JUDGMENT — RELIEF AGAINST
MISTAKE — MUTUALITY — JURISDICTION. — Section 473 of the Code of
Civil Procedure is remedial, and is to be liberally construed, so as
to include a judgment in favor of as well as against the moving
party, and to include a judgment of dismissal against the moving
party, consented to by him to his injury, under a mistake of fact,
which is excusable under the terms of the statute. The mistake
relieved against need not be mutual; nor can the entry of the dis-
missal by the consent or order of the plaintiff under the mistake of
fact on his part, whatever effect it may have as a retraxit in bar
of another action, affect the jurisdiction of the court to grant relief
against the mistake, by vacating the judgment under the code pro-
vision.

ID. — DISCRETION OF TRIAL COURT — APPEAL. — Applications for relief un-
der section 473 of the Code of Civil Procedure are addressed to the
sound legal discretion of the trial court, and its action in granting
or refusing such application will not be disturbed upon appeal,
unless it clearly appears that the court has abused its discretion.

APPEAL from an order of the Superior Court of the City
and County of San Francisco vacating a judgment of dismis-
sal.   Frank H. Dunne, Judge.

The facts are stated in the opinion.

Frank Sullivan, for Appellant.

William H. Jordan, and Walter S. Brann, for Respondent.

HAYNES, C. — The plaintiff, by its attorney, William H.
Jordan, Esq., brought an action in the superior court against
the defendant, upon two separate causes of action, the first of

which, amounting to $320.80, accrued to plaintiff directly, and the second cause of action, amounting to $105.73, accrued to the Pacific Refining and Roofing Company, and was by it assigned to said plaintiff and included in said action.

On October 20, 1898, while said action was pending, Mr. D. C. Murphy, representing defendant's attorney, Mr. Frank Sullivan, called upon plaintiff's attorney and inquired what the figures would be for a settlement of said action. Plaintiff's attorney thereupon called for the papers in said cause, and, taking out the complaint, looked at the prayer for judgment and saw the amount stated at $320.80, and thereupon said he would advise his client to settle for said sum and the costs, aggregating $10, and that if payment would be made immediately he would advise a settlement at $330; that at the time of making said statement he had forgotten about said assigned claim for the sum of $105.73, and did not know that it was not included in the prayer, but supposed that said sum of $320.80 was plaintiff's entire claim in said action; that afterwards, Mr. Murphy called upon plaintiff's attorney with a check for said sum of $330, and requested a dismissal of said action and a substitution of attorneys, which requests Mr. Jordan complied with; that on October 25th he examined said complaint and found that said assigned cause of action was included therein, but was not included in the amount prayed for, and had not been settled, and immediately informed defendant's attorney of the fact, and requested a correction of the error by a payment of said assigned claim, or if that were not done, he would repay the money received and take steps to set aside the settlement and restore the cause to the calendar. Defendant's attorney having declined to do either, plaintiff's attorney thereupon tendered to him the money received, and that tender being refused, also tendered it to the defendant personally, who also refused to receive it, and thereupon the plaintiff, after due notice, moved the court to vacate the judgment of dismissal which the defendant had caused to be entered, and to cancel the substitution of counsel which had been given, and to restore Mr. Jordan to his position as attorney for the plaintiff, and brought into court the money he had received from the defendant. Said motion was based upon the files and records in said cause, and upon affidavits, the substance of which is above stated.

Counter-affidavits were made by defendant, Smith, and by Frank J. Sullivan, his attorney, and by D. C. Murphy, who represented Mr. Sullivan in making the settlement. Mr. Smith's affidavit is to the effect that he authorized said settlement for said sum of $330; that he did not understand or believe that said action was to be settled for the full amount sued for; that he settled other claims of lien against the same building for 75 and 80 per cent; that the Pacific Refining and Roofing Company had offered to settle for 85 per cent; but that affiant was then unwilling to pay more than 80 per cent, and would not have consented to pay the full amount.

The affidavit of Mr. Sullivan is to the effect that he is defendant's attorney; that he did not acknowledge to Lloyd C. Comegys (Mr. Jordan's clerk), or to any one, that said sum of $330 had been paid as the full amount of plaintiff's claim, or that it had not been accepted as any percentage of said claim, or that said amount did not include the said assigned claim.

Mr. Murphy's affidavit is, in substance, that he represented Mr. Sullivan in making said settlement; that prior to obtaining said dismissal and substitution he asked Mr. Jordan to state the lowest figures at which he would advise his client to settle said action, and was informed, "$320, plus $10, costs"; that he did not acknowledge to Comegys, or to any one, that said dismissal had been obtained under a mistake and misconception of the amount due the plaintiff, or that it was the intention of the defendant or of said Jordan to settle the plaintiff's claim for the full amount, or that it was not the said Jordan's intention to accept any percentage of said claim, and that affiant did not acknowledge that the giving of said dismissal was the result of a mistake on the part of said Jordan.

Upon the hearing, the plaintiff's motion was granted, and the defendant appeals.

It will be observed that both Mr. Sullivan and Mr. Murphy, while denying that they admitted to Mr. Comegys, or to any one else, "that said dismissal had been obtained under a mistake and misconception of the amount due the plaintiff," do not deny that in fact Mr. Jordan did make the settlement and grant a dismissal of the action under a mistake and misapprehension of the amount due the plaintiff.

Respondent's motion was made under that portion of section 473 of the Code of Civil Procedure which provides that the

court may, "upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." In *Rauer* v. *Wolf*, 115 Cal. 100, this court, after quoting the above portion of said section, added: "It is well settled, however, that applications for relief in such cases are addressed to the sound legal discretion of the trial court, and that its action in granting or refusing such an application will not be disturbed on appeal, unless it clearly appears that the court abused its discretion."

Appellant contends that the plaintiff did not bring himself within the provisions of section 473 of the Code of Civil Procedure, for several reasons, to the effect that plaintiff made no affidavit in support of his motion; that the proceeding to be relieved against, under said section, must be one taken *against* the moving party; that here the judgment of dismissal was rendered at his own request, and therefore was not taken against him. These contentions are without merit. In *Brackett* v. *Banegas*, 99 Cal. 623, it was held that a party in whose favor a judgment has been rendered is entitled to relief under said section, as well as the party against whom judgment has been rendered, and that said section is remedial, and should be liberally construed. But here, a judgment of dismissal, sending the plaintiff out of court without the relief to which he is entitled, is a judgment against him and in favor of the defendant; and if he consented to the dismissal to his injury, under a mistake of fact, excusable under the terms of the statute, he is not barred of relief.

Appellant also contends that the court cannot relieve against a mistake of fact, unless the mistake is mutual. Here, the mistake was not mutual. It is not asserted that defendant's attorney was not fully aware of the mistake of Mr. Jordan as to the amount involved in plaintiff's action, and how defendant's knowledge that plaintiff's offer was made under a mistake can defeat his right to relief is not apparent to the ordinary understanding. In *Moore* v. *Copp*, 119 Cal. 429, 436, it is said: "It is not necessary that a mistake of fact should be mutual, as appellant claims. (Civ. Code, sec. 1577.) Nor is it true, as contended, that a contract cannot be set aside for the mistake of one of the parties, unless the contract was induced and the mistake arose from the fraud of the other party."

It is further contended that "the entry of a judgment of dismissal on the order of the plaintiff is final, and the court loses jurisdiction, and cannot vacate the judgment." Whether, in the absence of the statute, a voluntary dismissal amounts to a retraxit, and bars a future action, need not be considered. If the plaintiff is entitled to relief under the statute, it is not material whether, in its absence, he could have relief either at law or in equity, and authorities upon that point need not be examined.

*Wolters* v. *Rossi* (Cal.), 57 Pac. Rep. 73, has no application. There, the plaintiff dismissed the action before an answer seeking affirmative relief had been filed, and it was held that the dismissal could not be vacated on the application of *defendant* to permit the consolidation of such action with another.

The contention that defendant could not thus be deprived of his property without due process of law, in violation of the constitution of the United States, does not merit consideration; and the further contention that the defendant "was entitled to a trial by jury as to the fact of the mistake of arithmetic on the part of the plaintiff's attorney," may be disposed of with the like remark.

We find no ground upon which the order appealed from should be reversed, and advise that it be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

                 Harrison, J., Garoutte, J., Van Dyke, J.