THE FAJARDO DEVELOPMENT COMPANY *v.* SUCCESSION OF MORFI.

APPEAL from the District Court of Humacao.

No. 671.—Decided May 31, 1911.

AMENDMENT TO COMPLAINT—EXPRESS AND IMPLIED PERMISSION.—The fact that an express permission has been granted to amend a complaint as to certain matters carries with it the power to make any other amendment which, though not clearly authorized, is necessary in order that the amendment so allowed may not become useless and null.

ID.—DISCRETION OF COURT—LIBERALITY IN ALLOWING AMENDMENTS.—Although it is discretional with the court taking cognizance of the case to grant or refuse leave to amend the pleadings, liberality in permitting the same is recommended by jurisprudence and good sense, and said leave shall only be refused when the allegation is so defective that it shows on its face that it cannot be amended.

ID.—OMISSION OF ESSENTIAL FACT WHICH MAY BE ALLEGED.—When, as in the present case, the allegation is defective only in failing to allege an essential fact that may be alleged, leave must be granted to that effect.

The facts are stated in the opinion.

*Mr. Luis Muñoz Morales* for appellant.

*Messrs. Aponte* and *Aponte* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

The corporation named The Fajardo Development Company filed an amended complaint in the District Court of Humacao against the aforesaid defendants, alleging therein that the latter, among them Félix Morfi Maldonado, a minor, sold to said corporation two parcels of land segregated from another property of greater size which was acquired by them through inheritance from Juan Bautista Maldonado, and requested that the defendants be ordered to execute to the plaintiff a public deed of said sale.

A demurrer to the complaint was filed by said minor, on the following grounds: First. That the complaint did not state facts sufficient to constitute a cause of action. Second. That the court had no jurisdiction by reason of the subject matter. And third. That the complaint was ambiguous, uncertain, and doubtful, in not specifying the parcels which were segregated and sold.

The ruling of the court upon said demurrer was as follows:

"It is decided by the court on this 20th of July that the separate demurrer filed by the minor defendant, Félix Morfi Maldonado, is sustained in so far as relates to the first ground thereof—that is, that the complaint does not state facts sufficient to constitute a cause of action against said minor—which ground is taken in view of the fact that the complaint does not allege that the sale of the share of such minor was effected after making the declaration of necessity and utility required by law. It is not sustained with respect to the ground of lack of jurisdiction: First, because the jurisdiction of district courts being of a general character, when the complaint does not specify a sufficient amount, thereby depriving said courts of jurisdiction, the same is always presumed; and, second, because paragraph 7 of the amended complaint alleges that the price of the property, whose sale it is desired to perfect, exceeded the sum of $500 at the time the complaint was filed. The

third ground of ambiguity is sustained because the portions sold, which were segregated from the main property described in paragraph 2 of the amended complaint, are not described in the same, which contains only a statement of the parcels as given by private documents which are in the exclusive possession of the plaintiff. It is not alleged that the defendants intervened in the description of such segregated parcels, nor that the sale was effected under such conditions. Ten days are allowed the plaintiff to amend its complaint in regard to the last ground of demurrer, and the costs are taxed against it.''

On July 28 the plaintiff requested an extension of time to amend its complaint, and on August 3 five days were granted it to file the amendment as to the defect of ambiguity.

The new amended complaint bears date of August 4, the record not showing that of its presentation, but on the 10th of the same month the following judgment was rendered by the court:

## ''JUDGMENT.

''Whereas, the plaintiff appeared through counsel, Luis Muñoz Morales, and the defendants through Attorneys Aponte and Aponte and Mr. Tous Soto, on July 19, 1910, the date set for hearing the demurrer filed in this case, and the court, after hearing said demurrer and the motions to strike out, reserved decision, and on July 20, 1910, handed down the following: 'The separate demurrer filed by the defendant minor, Félix Morfi y Maldonado, is sustained in so far as relates to the first ground thereof—that is, that the complaint does not state facts sufficient to constitute a cause of action against said minor—which ground is taken in view of the fact that the complaint does not allege that the sale of the share of such minor was effected after making the declaration of necessity and utility required by law.' Whereas, on August 5, 1910, the defendant, Félix Morfi y Maldonado, through counsel, moved the court for a judgment in his favor and against the plaintiff on the ground that the demurrer filed by said defendant to the complaint had been sustained, because said complaint did not state facts sufficient to constitute a cause of action, which decision was rendered by this court without allowing the plaintiff to amend the complaint; therefore, on this 9th day of August, 1910, the court decides to render judgment in favor of Félix Morfi y Maldonado because the complaint filed

against him in this case does not state facts sufficient to constitute a cause of action. The complaint is not sustained in so far as it relates to said minor, Félix Morfi y Maldonado. Humacao, August 10, 1910. (Signed) Jorge V. Domínguez."

The aforesaid judgment was entered by the secretary of the court on December 13, 1911, and on January 11 following the plaintiff corporation took this appeal from said judgment.

The judgment in this case is founded on the decision of the demurrer only and is a consequence thereof. It is decided therein that the complaint does not state facts sufficient to constitute a cause of action against the defendant, Félix Morfi Maldonado, for which reason it is dismissed.

Therefore, the judgment being based on the decision of the demurrer filed by the defendant, we may properly examine the complaint and the demurrer thereto in order to determine whether or not the judgment was a correct one.

The first question which occurs to us is whether the court, when expressly granting permission to amend the complaint in so far as it related to the defendant, Félix Morfi Maldonado, on account of the ambiguity appearing therein, also granted leave to state facts sufficient to show a cause of action.

From the moment that leave was granted to make amendments as to a sustained ground of demurrer, the plaintiff had the right to presume that he was also granted leave to correct the defects which served as a basis for the other ground, and especially since said leave had not been expressly denied him.

Otherwise we must arrive at the conclusion that the ruling upon the ground of demurrer which serves as a basis for the judgment is contradictory, inasmuch as it cannot be understood how leave may be granted to amend a complaint so that the same may not be ambiguous, if on account of the inability of the plaintiff to make amendments to the complaint so that it may show facts sufficient to constitute a

cause of action, the new amended allegation would appear in such manner that the leave as well as the amendment would become ineffectual in view of the fact that said complaint would not state facts sufficient for the action brought.

Therefore, the fact that leave is expressly granted to amend a complaint as to certain matters, implies leave to make any other amendment which, though not authorized in a clear manner, may be necessary so that the amendment allowed may not become null and ineffectual.

Besides, although it is discretional with the court trying the case to grant or refuse leave to amend allegations, liberality in granting said leave is recommended by jurisprudence and good sense, and said leave must only be refused when the allegation is so defective that of itself it shows that it cannot be amended.

In accordance with this principle it has been decided:

"If a demurrer to the complaint is sustained, the plaintiff is entitled to leave to amend, unless the complaint is so defective that it cannot be made good by any amendment." (*Ridgway* v. *Bogan,* 12 Pac., 343; *Lord* v. *Hopkins,* 30 Cal., 77.)

"Said section must be liberally construed with a view to effect its objects and promote justice. It is best observed by disposing of causes upon their substantial merits, rather than with strict regard to technical rules of procedure. The discretion of the court ought always to be exercised in conformity with the spirit of the law, and so as to subserve, rather than impede or defeat the ends of justice." (*Melde* v. *Reynolds,* 129 Cal., 308; 61 Pac. Rep., 932; *Palace Hardware Co.* v. *Smith,* 134 Cal., 381, 384; 66 Pac. Rep., 474; *Nicoll* v. *Weldon,* 130 Cal., 666, 667; 63 Pac. Rep., 63.)

"Amendments should be liberally allowed by inferior courts in advancement of justice and to secure a fair and speedy trial on the merits; and an arbitrary refusal to allow them under proper circumstances would be ground of interference by the Supreme Court." (*Smith et al.* v. *Yreka Water Co.,* 14 Cal., 202.)

"Plaintiffs should be permitted, if they desire, to so amend their complaint as to present for determination their legal rights, or to state a cause of action." (*McDonald* v. *Bear River and W. and M.*

*Co.,* 15 Cal., 145; *Nevada County and Canal Co.* v. *Kidd,* 28 Cal., 673.)

"It is error to render a final judgment on demurrer to plaintiff's complaint. Where the complaint is defective, the court should sustain the demurrer, with leave to the plaintiff to amend his complaint; and if the plaintiff then declines, final judgment should be given." (*Gallagher* v. *Delaney,* 10 Cal., 410.)

It is alleged in the complaint in question that a minor had sold his share of a certain property, but it is not stated whether or not he obtained judicial authorization to make such sale, which is a necessary requisite in order that the alienation may be valid; and therefore the complaint fails to allege an essential fact which perhaps may be alleged, but it does not appear from the face thereof that said leave was not obtained, in which case an entire lack of right to claim the fulfilment of an obligation, which would be null according to the complaint itself, would have been shown.

When, as in the present case, the allegation is merely defective in failing to allege an essential fact which may be alleged, leave to that effect must be granted.

Therefore the complaint was not so defective that the same would necessarily cause the rendition of judgment against the plaintiff, but it failed to allege a fact that could be alleged, and the court below committed an error in rendering a judgment on the ground that the complaint did not state facts sufficient to show a cause of action.

In view of the foregoing, the judgment appealed from must be reversed, and the court below should proceed with the case in accordance with this opinion.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and del Toro concurred.