## TORRES ET AL. *v.* PÉREZ.

### APPEAL from the District Court of Mayagüez.

#### No. 842.—Decided June 24, 1912.

UNLAWFUL DETAINER—OWNERSHIP TITLE—PLEADINGS—ACTIONS—PROCEDURE.—The action of unlawful detainer is a special proceeding the sole purpose of which is to recover possession of real property and eject therefrom whomsoever may detain the same without title thereto, and no question as to the right of ownership can be decided in said action. When the answer alleges some title to the property and such allegation is supported by any evidence the ejectment should not be ordered, but the parties should settle the question of the legal title to the property in an ordinary action before the action of unlawful detainer is brought.

AMENDMENT OF PLEADINGS—VERIFICATION OF ANSWER—DISCRETION OF COURT—APPEAL.—The granting of permission to a defendant to verify his answer which had been filed not verified and the verification of which was necessary because the complaint was verified lies in the discretional power of the court, and this court will not review the granting of such permission unless it is shown that the trial court abused its discretional power.

COMPLAINT—GENERAL DENIAL—PLEADINGS—APPEAL.—The objection that an answer to a verified complaint is defective because it contains a general and not a specific denial of the allegations of the complaint cannot be raised for the first time on appeal, but should be pleaded in the trial court.

The facts are stated in the opinion.

Mr. *José Ramón Freyre* for appellants.

Mr. *José Sabater* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

María Anicasia Torres Collado and her sister, María Clemencia, of the same surnames, brought an action of unlawful detainer in the District Court of Mayagüez against Domitila Pérez Vilanova, in which after alleging that, according to a judicial decree, they were the sole intestate heirs of Pedro Collado Ramírez; that as such they were the owners of an estate of 5 *cuerdas* described in the complaint and recorded in their names in the registry of property; that the same is possessed unlawfully by Domitila Pérez Vilanova without paying any rental or other consideration and without title thereto; they conclude with the prayer that the ejectment of the aforesaid defendant be decreed.

The answer of the latter denied the facts alleged in the complaint, and as a special defense she stated that she had bought said land from Pedro Collado Ramírez shortly before his death, paying him the price thereof partly in cash and, in accordance with his orders, satisfying debts of the vendor with the balance; that the heirs of Collado Ramírez being unknown to her, she had not brought action against them for the execution of a deed of sale; that since 1904 she has, as owner of the property, paid the taxes levied thereon; that she has improved the land and repaired a house existing thereon, and that as such owner of the estate she sold 1 *cuerda* to Pedro Olivo; in view of all of which she concludes with the request that the complaint of unlawful detainer be dismissed.

The case having been tried the district court, by judgment of February 24, 1912, dismissed the complaint of unlawful detainer without costs on the ground, according to the written opinion thereof, that the action of unlawful detainer is not the proper one to decide a controversy in regard to the title to the property in litigation.

The plaintiffs took an appeal from said judgment to this Supreme Court and filed the transcript of the record and a brief in support of the appeal.

The principal issue in this case is whether the plaintiffs, because they have established the fact that Pedro Collado Ramírez had recorded the land in question in his name in the registry of property, and, moreover, that they are his sole intestate heirs, have a right to the decree which they desire for the ejectment of the defendant, notwithstanding the fact that the latter alleged that she possesses such land by purchase from Pedro Collado Ramírez shortly before his death, although she did not obtain a written document of the sale, having, however, introduced the testimony of witnesses tending to prove such contract.

An action of unlawful detainer is a special proceeding the only purpose of which is to recover possession of some real property and eject therefrom whosoever may detain it with-

out title thereto. Such a proceeding, therefore, is not a proper one to decide the right of ownership, and for that reason when the defendant alleges some title to the possession of the property, unless all evidence to sustain such allegation is lacking, ejectment should not be decreed and the question of legal title to the property should be settled in an ordinary action before the action of unlawful detainer can be brought.

This doctrine has been laid down in many judgments by the Supreme Court of Spain as well as by the Supreme Court of Porto Rico, among which are the following: June 16, 1883; April 21, 1884; June 20, 1885; June 30, 1887; December 5, 1896, and January 12, 1900, Supreme Court of Spain; and of the Supreme Court of Porto Rico: *Landrón* v. *Saldaña*, 8 P. R. R., 418; *Del Valle* v. *Andreu*, 11 P. R. R., 398; *Mehrhof* v. *Rodríguez*, 14 P. R. R., 56; *Elzaburu* v. *Chaves*, 15 P. R. R., 16; *Pesquera* v. *Fernández*, 16 P. R. R., 223.

In the present case the defendant answered the allegation that she was a tenant at sufferance by stating that she was owner by virtue of a title of purchase, and that as such owner she sold to Pedro Olivo a portion of the land. This latter fact was acknowledged by the plaintiffs, and as she introduced evidence to prove her acquisition this brings up the question as to whether or not she really owns the land by virtue of title of purchase; but this controversy cannot be decided in an action of unlawful detainer because the same is not the proper proceeding to decide questions of title.

The appellants maintain, moreover, that the court was in error in permitting the defendant to swear to the unsworn answer filed by her, this being necessary for the reason that the complaint was sworn. The granting of such permission is discretional with the court, and as it has not been shown that such discretionary power was abused we cannot review the action taken thereby. *Palace Hardware Co.* v. *Smith*, 134 Cal., 381; *Nicoll* v. *Weldon*, 130 Cal., 666; *Melde* v. *Reynolds*, 129 Cal., 308, and others.

It is also maintained that notwithstanding that the answer

was sworn to it was defective because it contained a general and not a specific denial of the allegations of the complaint. It is true that the sworn answer is drawn in said form, but on this ground the plaintiff took no objection in the lower court where permission to amend said answer might have been granted if deemed just, for which reason it is now too late to bring up such question for the first time on appeal.

Although the appellants also complain that the lower court erroneously permitted a witness to testify on certain particulars, however it is not necessary to consider this point, and since we are not to determine here whether or not the defendant has legal title to the property in question we shall not consider such answers.

In view of the foregoing reasons the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.