## *PRELIMINARY PRINT*

### VOLUME 604 U. S. PART 1
PAGES 305–320

# OFFICIAL REPORTS

OF

# THE SUPREME COURT

FEBRUARY 26, 2025

Page Proof Pending Publication

REBECCA A. WOMELDORF

REPORTER OF DECISIONS



NOTICE: This preliminary print is subject to formal revision before the bound volume is published.   Users are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

# WAETZIG *v.* HALLIBURTON ENERGY SERVICES, INC.

## CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

No. 23–971. Argued January 14, 2025—Decided February 26, 2025

Gary Waetzig filed a federal age-discrimination lawsuit against his former employer Halliburton Energy Services, Inc. He later submitted his claims for arbitration, and voluntarily dismissed his federal lawsuit without prejudice under Federal Rule of Civil Procedure 41(a). After losing at arbitration, he asked the District Court to reopen his dismissed lawsuit and vacate the arbitration award, asserting Federal Rule of Civil Procedure 60(b) as the basis for reopening the suit. Federal Rule of Civil Procedure 60(b) permits relief from a "final judgment, order, or proceeding." The District Court reopened the case, finding that a voluntary dismissal without prejudice counts as a "final proceeding" and that Waetzig made a mistake when he dismissed his case rather than seeking a stay. The District Court separately granted Waetzig's motion to vacate the arbitration award. The Tenth Circuit reversed.

*Held*: A case voluntarily dismissed without prejudice under Rule 41(a) counts as a "final proceeding" under Rule 60(b). Pp. 310–320.

(a) The Court does not address Halliburton's argument regarding jurisdiction over the motion to vacate. The question whether Rule 60(b) permits reopening a case that was voluntarily dismissed without prejudice is antecedent to jurisdictional questions about the motion to vacate. The lower courts may address those questions on remand. Pp. 310–311.

(b) Text, context, and history support the conclusion that a Rule 41(a) voluntary dismissal without prejudice qualifies as a "final proceeding" under Rule 60(b). Pp. 311–320.

(1) A voluntary dismissal is "final" because it terminates the case. This straightforward reading aligns with legal dictionaries from 1946 (when "final" first appeared in the Rule) and is confirmed by Advisory Committee Notes to the 1946 Amendment to the Rule. The word "final" underscores that Rule 60(b) does not infringe a court's inherent and distinct power to revise its interlocutory decrees in an ongoing case.

Halliburton's request to construe "final" consistent with jurisdictional statutes like 28 U. S. C. §1291, which gives the courts of appeals jurisdiction over appeals from "final decisions" of district courts, is unpersua-

sive.   The finality concept in appellate jurisdiction serves a distinct purpose—preventing interlocutory appeals from impairing case resolution at the trial level.   Finality under Rule 60(b) does not play a similar role. Unlike an appeal filed under the appellate jurisdiction statute, a motion for relief under Rule 60(b) is discretionary, not a matter of statutory right.   Rule 60(b) therefore does not pose the same risk to efficient case resolution before the trial courts.   The Court sees no reason to import the understanding of finality that applies in the field of appellate jurisdiction to the different context of Rule 60(b).   Pp. 312–315.

(2) A voluntary dismissal counts as a "proceeding" under Rule 60(b).   Legal dictionaries from 1938 to present suggest that the term "proceeding" encompasses *all* steps in an action's progression.   Other federal rules similarly treat "proceeding" as including all formal steps in an action.

Halliburton and the court below assert that the term "proceeding" should be read in the context of its neighboring terms "judgment" and "order."   And because a "judgment" and "order" both involve some judicial determination of rights, a "proceeding" should at least involve some judicial action or conclusive determination of rights.   Although it is true that statutory terms must be read in the context of their neighbors, that rule cuts the other way in this case.   The proposed alternative reading would strip "proceeding" of independent meaning, as any judicial determination would already be an "order."   When Rule 60(b) authorizes relief from a "judgment, order, or proceeding," the Rule speaks in an ascending order of generality.   The structure of the Rule suggests that each term should be read as broader than what came before.   Pp. 315–318.

(3) The Court's reading is buttressed by historical context, as Rule 60(b) was modeled after a California statute previously interpreted to extend to voluntary dismissals without prejudice. See *Hall* v. *Hall*, 584 U. S. 59, 72–73 (reading Rule 42(a) in light of "its statutory predecessor").   Pp. 318–319.

82 F. 4th 918, reversed and remanded.

ALITO, J., delivered the opinion for a unanimous Court.

*Vincent Levy* argued the cause for petitioner.   With him on the briefs were *Kevin D. Benish, Jack L. Millman, Spencer J. Kontnik, Austin M. Cohen,* and *Aditi Shah.*

*Matthew D. McGill* argued the cause for respondent. With him on the brief were *Jonathan C. Bond, Lochlan F.*

Opinion of the Court

*Shelfer, Joshua R. Zuckerman, Patrick J. Fuster,* and *Heather F. Crow.\**

JUSTICE ALITO delivered the opinion of the Court.

Federal Rule of Civil Procedure 60(b) permits a court, "[o]n motion and just terms," to "relieve a party . . . from a final judgment, order, or proceeding."   The question in this case is whether Rule 60(b) permits a district court to reopen a case that was voluntarily dismissed without prejudice under Rule 41(a).   We hold that such a dismissal counts as a "final judgment, order, or proceeding," and thus qualifies for Rule 60(b) relief.

I

A

This case began as an employment dispute. Petitioner Gary Waetzig is a former employee of respondent Halliburton Energy Services, Inc.   Following his termination, Waetzig filed a lawsuit against Halliburton in the U. S. District Court for the District of Colorado.   He alleged that he was illegally terminated on the basis of his age, in violation of the Age Discrimination in Employment Act of 1967, 81 Stat. 602, as amended, 29 U. S. C. §621 *et seq.*   In response, Halliburton asserted that Waetzig was required to arbitrate his claim.   Waetzig acquiesced and submitted his claims for arbitration.

At that point, Waetzig could have asked the District Court to stay his federal lawsuit pending the arbitration proceedings.   See 9 U. S. C. §3; *Smith* v. *Spizzirri*, 601 U. S. 472, 476 (2024).   Instead, he elected to dismiss the case under Federal Rule of Civil Procedure 41(a).   Under that Rule, a plaintiff may dismiss his case "without a court order" if he

———————

\**Steven A. Engel, Michael H. McGinley, Jennifer B. Dickey,* and *Brian A. Kulp* filed a brief for the Chamber of Commerce of the United States of America as *amicus curiae* urging affirmance.

serves "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Rule 41(a)(1)(A)(i). Since Halliburton had not yet served an answer or moved for summary judgment, Waetzig's dismissal was effective without any court action. And given that this was the first time Waetzig had dismissed these claims, his dismissal was presumptively "without prejudice." Rule 41(a)(1)(B). That means that Waetzig had preserved his right to refile the same claims in the future. *Semtek Int'l Inc.* v. *Lockheed Martin Corp.*, 531 U. S. 497, 505 (2001).

Waetzig lost at arbitration. After a telephonic hearing, the arbitrator issued an award granting summary judgment in favor of Halliburton. In Waetzig's view, however, the arbitrator failed to follow various procedural rules required by the parties' arbitration agreement. To remedy that alleged error, Waetzig turned back to federal court.

B

Waetzig's next move was procedurally creative. Instead of filing a new lawsuit in federal court attacking the validity of the arbitration award, he returned to the lawsuit that he had previously dismissed. He filed a motion under the old docket number and asked the court to reopen that case and vacate the arbitration award. That move created an obvious problem: As we already explained, Waetzig's dismissal under Rule 41(a) terminated his case. So, in theory, filing a new motion in the case was impossible. The District Court was therefore skeptical of Waetzig's gambit. It issued an order asking him to show cause that would justify the court's taking jurisdiction over the motion. In response, Waetzig asserted that the District Court could reopen the case under Federal Rule of Civil Procedure 60(b).

Rule 60(b) permits a court, "[o]n motion and just terms," to "relieve a party . . . from a final judgment, order, or proceeding." A court may do so for six enumerated "reasons," including "mistake, inadvertence, surprise, or excusable ne-

glect." See Rule 60(b)(1). The general "purpose" of the Rule, we have said, is "to make an exception to finality." *Gonzalez* v. *Crosby*, 545 U. S. 524, 529 (2005). The Rule "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2851, p. 286 (3d ed. 2012).

Here, the District Court agreed with Waetzig and awarded Rule 60(b) relief. First, it held that a voluntary dismissal without prejudice counts as a "final proceeding" and therefore falls within the ambit of the Rule. App. to Pet. for Cert. 55a–56a. Second, it found that Waetzig had committed a "careless mistake" when he voluntarily dismissed his case instead of moving for a stay pending arbitration or administratively closing the case. *Id.*, at 59a. According to the District Court, Waetzig did so under the false understanding that the court would retain jurisdiction over the arbitration agreement. *Ibid.* The court thus found that relief was proper under Rule 60(b)(1). *Ibid.* And after reopening the case under that provision,[1] the court issued a separate order granting Waetzig's motion to vacate the arbitration award. *Id.*, at 48a.

Halliburton appealed. Among other things, it argued that a voluntary dismissal without prejudice does not count as a "final judgment, order, or proceeding," and therefore falls outside the reach of Rule 60(b). Brief for Appellant in No. 22–1252 (CA10, Nov. 14, 2022), ECF Doc. 25, pp. 23–26. The Tenth Circuit agreed. It reasoned that Waetzig's voluntary dismissal was not a final "judgment" or "order" because the act of dismissal required neither the entry of a

_____

[1] The District Court additionally found that relief was warranted under Rule 60(b)(6), which permits relief for "any other reason that justifies relief." In the District Court's view, an intervening precedent from our Court affected Waetzig's right to refile a new case, justifying relief under Rule 60(b)(6). App. to Pet. for Cert. 59a–62a (citing *Badgerow* v. *Walters*, 596 U. S. 1 (2022)).

judgment nor the issuance of an order by the court. 82 F. 4th 918, 921 (2023). The Tenth Circuit then concluded that a voluntary dismissal without prejudice could not be a "final proceeding" because, in its view, "a final proceeding must involve, at a minimum, a judicial determination with *finality.*" *Id.*, at 923. In so holding, the Tenth Circuit split from other Circuits that have considered the issue. See *Yesh Music* v. *Lakewood Church*, 727 F. 3d 356, 362–363 (CA5 2013) ("[W]e are satisfied that a Rule 41(a)(1)(A) voluntary dismissal without prejudice qualifies as a 'final proceeding'"); accord, *Nelson* v. *Napolitano*, 657 F. 3d 586, 589 (CA7 2011).

We granted certiorari to decide whether a Rule 41(a) dismissal without prejudice is a "final judgment, order, or proceeding" under Rule 60(b). 603 U. S. 948 (2024).

## II

Before reaching that question, however, we first address a preliminary issue related to jurisdiction. Halliburton claims that the District Court lacked jurisdiction over Waetzig's motion to vacate the arbitration award. In support of its argument, Halliburton points to this Court's decisions in *Badgerow* v. *Walters*, 596 U. S. 1 (2022), and *Kokkonen* v. *Guardian Life Ins. Co. of America*, 511 U. S. 375 (1994). We need not address the merits of this argument, however, because it presents no barrier to our deciding the question presented. We granted certiorari to decide whether Rule 60(b) permits a court to reopen a case that was voluntarily dismissed without prejudice. That question is separate from, and antecedent to, the question whether the District Court could exercise jurisdiction over Waetzig's motion to vacate.

The cases Halliburton cites prove the point. In *Badgerow*, we addressed the jurisdiction of the federal courts to consider motions to vacate arbitration awards filed under a provision of the Federal Arbitration Act, 9 U. S. C. §10(a).

We held that a plaintiff seeking to vacate an arbitration award must point to an "'independent jurisdictional basis'" that would authorize a federal court to decide the matter. *Badgerow*, 596 U. S., at 8 (quoting *Hall Street Associates, L. L. C.* v. *Mattel, Inc.*, 552 U. S 576, 582 (2008)). In the other case, *Kokkonen*, we suggested that Rule 60(b) cannot confer jurisdiction upon a federal court where jurisdiction would not otherwise exist. 511 U. S., at 378. We reasoned that reopening a case under Rule 60(b) would not automatically confer jurisdiction over a subsequent motion to enforce a settlement agreement. *Ibid.* The upshot of our analysis in *Kokkonen* was that, even though Rule 60(b) might give a court the power to reopen a case, the Rule cannot itself serve as the basis for federal jurisdiction.

Although these cases might bear on the District Court's jurisdiction over Waetzig's motion to vacate, they say nothing at all about whether the District Court had the power, under Rule 60(b), to reopen Waetzig's case in the first place. That power is the focus of our decision today, and it must be addressed before any subsequent jurisdictional questions is considered. The procedural history of this case confirms as much. Before the District Court could rule on Waetzig's motion to vacate, it first needed to reopen his case. Consistent with that understanding, the court issued two separate orders: first, an order reopening the case pursuant to Rule 60(b), see App. to Pet. for Cert. 64a, and second, an order vacating the arbitration award, see *id.*, at 48a. We granted certiorari to address the District Court's power to issue the first order, not its jurisdiction to issue the second. We leave it to the lower courts to address any subsequent jurisdictional questions on remand.

## III

That brings us to the question presented. Rule 60(b) permits a court to "relieve a party . . . from a final judgment, order, or proceeding." We hold that a Rule 41(a) voluntary

dismissal without prejudice qualifies as a "final . . . proceeding" under Rule 60(b).   Text, context, and history support that interpretation.

### A

#### 1

To start, we hold that a voluntary dismissal without prejudice is "final" under Rule 60(b).   In 1946, when the term "final" first appeared in the Rule, legal dictionaries defined "final" to mean "[d]efinitive; terminating; completed; conclusive; last."   Black's Law Dictionary 779 (3d ed. 1933) (Black's); see Ballentine's Law Dictionary 503 (1930) ("the end, ultimate, or last").   By way of illustration, Black's Law Dictionary defined "final order" as an order that "terminates the action itself."   Black's 1298.   A voluntary dismissal without prejudice falls comfortably within this definition. The dismissal is the "conclusive" and "last" filing on the docket, and it "complete[s]" the particular lawsuit at issue. *Id.*, at 779.   And, like a "final order," the dismissal "terminates the action itself."   *Id.*, at 1298.

That straightforward reading of "final" is confirmed by the Federal Rules Advisory Committee's Notes, which are " 'a reliable source of insight into the meaning of a rule.' "   *Hall* v. *Hall*, 584 U. S. 59, 75 (2018) (quoting *United States* v. *Vonn*, 535 U. S. 55, 64, n. 6 (2002)).   In the Notes accompanying the 1946 amendments to Rule 60(b), the Committee briefly explained its reason for adding the term "final."   According to the Committee, the addition of "final" clarified that "interlocutory judgments are not brought within the restrictions of the Rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."   Advisory Committee's 1946 Note on subd. (b) of Fed. Rule Civ. Proc. 60, 28 U. S. C. App., p. 289.

The term "final" was therefore intended to exclude "interlocutory judgments" from the reach of the Rule.   And, as

the Committee Notes explain, that exclusion makes sense. Rule 60(b) relief from interlocutory judgments is unnecessary because, with respect to those judgments, "a rehearing may be sought at any time before [the] final decree, provided due diligence be employed and a revision be otherwise consonant with equity." *John Simmons Co.* v. *Grier Brothers Co.*, 258 U. S. 82, 90–91 (1922). In other words, a court presiding over a case is *always* capable of revising an interlocutory ruling, so long as a revision is "consonant with equity." *Id.*, at 91. The word "final" underscores that Rule 60(b) does not infringe that inherent and distinct power.

After a case is finally terminated, however, a court no longer presides, and a party can no longer seek a "rehearing" on an interlocutory judgment. *Ibid.* It is at that point that a court's power under Rule 60(b) kicks in, permitting the court to look back at the "final" act in a case and provide relief from that act when appropriate. A voluntary dismissal without prejudice is one such "final" act. It terminates the case and strips a court of its equitable power to revise its earlier rulings. At that point, Rule 60(b) is the appropriate avenue for relief.

A contrary interpretation would place voluntary dismissals without prejudice into a procedural no man's land. Such dismissals would not be "interlocutory" in the manner that the Committee Notes discuss because they are outside of a court's "complete power" over an ongoing case. Nor would they be "final" and thus subject to Rule 60(b). Halliburton provides no evidence supporting the existence of any third category. If a voluntary dismissal without prejudice is not "interlocutory," then it is hard to imagine that it could be anything but "final."

2

Halliburton nevertheless presses for a narrower definition of "final." Specifically, it asks the Court to construe "final" in Rule 60(b) to mean essentially what it means in jurisdictional statutes like 28 U. S. C. §1291, which gives the courts

of appeals jurisdiction over appeals from "final decisions" of district courts. This grant of appellate jurisdiction can be traced back to the first Judiciary Act. See Judiciary Act of 1789, § 22, 1 Stat. 84. And long before the adoption of Rule 60(b), this Court had developed a rich jurisprudence explaining the meaning of "final" as it relates to appellate jurisdiction. See *Bostwick* v. *Brinkerhoff*, 106 U. S. 3, 3–4 (1882) (citing cases). Halliburton asks us to look to that "'legal lineage'" when interpreting Rule 60(b). Brief for Respondent 22 (quoting *Hall*, 584 U. S., at 66). Based on that body of case law, Halliburton contends that a determination is "final" principally when it "'terminate[s] the litigation between the parties *on the merits* of the case.'" Brief for Respondent 23 (quoting *Bostwick*, 106 U. S., at 3; alterations in original; emphasis added).

Contrary to Halliburton's suggestion, however, we do not find this body of case law helpful in interpreting the meaning of the term "final" in Rule 60(b). True, we sometimes look to legal tradition when interpreting a statutory term, but we typically do so only when the term is "'obviously transplanted from another legal source.'" *Taggart* v. *Lorenzen*, 587 U. S. 554, 560 (2019) (quoting *Hall*, 584 U. S., at 73). Here, there is little reason to think that the term "final" in Rule 60(b) was transplanted from statutes governing the jurisdiction of federal appellate courts. In that field, the concept of finality plays a distinctive role: It prevents interlocutory appeals from unduly impairing the resolution of civil and criminal cases at the trial level. Under 28 U. S. C. § 1291 and predecessor provisions, a party that loses in the district court has a "statutory right" to take an appeal from any "final decision." *Arizona* v. *Manypenny*, 451 U. S. 232, 245, n. 19 (1981). Our decisions defining what the term "final" means in this context have imposed an important practical limit on such appeals. We have described the finality requirement as "the means for achieving a healthy

legal system." *Cobbledick* v. *United States*, 309 U. S. 323, 326 (1940). Without it, too many trial court rulings could be appealed, and "'the orderly progress of a cause'" would be halted while the appellate court considered all sorts of "'question[s] which ha[ve] happened to cross the path of such litigation.'" *Ibid.* (quoting *Segurola* v. *United States*, 275 U. S. 106, 112 (1927)).

Finality under Rule 60(b) does not play a similar role. Unlike an appeal filed under the appellate jurisdiction statute, a motion for relief under Rule 60(b) is discretionary, not "a matter of statutory right." *Manypenny*, 451 U. S., at 245, n. 19. Further, Rule 60(b) relief is unnecessary when a case is ongoing because during that time, a court retains jurisdiction to review and modify its decrees. See *supra*, at 312– 313. Thus, there is no reason to fear that Rule 60(b) will be abused to bring about a "'halt in the orderly progress of a cause.'" *Cobbledick*, 309 U. S., at 326 (quoting *Segurola*, 275 U. S., at 112). And, even if such abuse were possible, Rule 60(b) provides district courts with ample discretion to prevent it. Given these stark contextual differences, it is unlikely that "final" as it appears in Rule 60(b) was transplanted from the appellate jurisdiction statute.

We therefore see no reason to import the understanding of finality that applies in the field of appellate jurisdiction. In the context of Rule 60(b), a voluntary dismissal without prejudice is "final" because it terminates the case.

B

Next, we hold that a voluntary dismissal without prejudice counts as a "proceeding" under Rule 60(b).[2] In 1938, when the term "proceeding" first appeared in the Rule, Black's

---

[2] Waetzig additionally contends that a voluntary dismissal without prejudice counts as a "judgment." See Brief for Petitioner 25–29. Because we hold that such dismissals qualify as proceedings, we need not decide whether they qualify as judgments for the purposes of Rule 60(b).

Law Dictionary defined "proceeding" as: "[T]he form and manner of conducting juridical business before a court or judicial officer; regular and orderly progress in form of law; including all possible steps in an action from its commencement to the execution of judgment." Black's 1430. Other dictionaries defined the term similarly. See Ballentine's Law Dictionary, at 1023 ("the form in which actions are to be brought and defended, the manner of intervening in suits [and] of conducting them . . . " (internal quotation marks omitted)); Webster's New International Dictionary 1710 (1927) ("[a]ny step or act taken in conducting litigation"). These definitions suggest that the term "proceeding" encompasses *all* steps in an action, including the filing of papers that are noted on the docket. Even today, Black's Law Dictionary defines "proceeding" as "[t]he regular and orderly progression of a lawsuit, including *all* acts and events between the time of commencement and the entry of judgment." Black's 1459 (12th ed. 2024) (emphasis added).

Other Federal Rules similarly treat "proceeding" as including all formal steps taken in an action. Take, for example, Federal Rule of Civil Procedure 37. Under that Rule, a court may stay "further proceedings" in a case until a discovery order is obeyed. Rule 37(b)(2)(A)(iv). In that context, a stay of "proceedings" likely refers to a stay of *any* further action in the lawsuit, including further docket filings. If read otherwise, the stay would be an ineffective sanction against a party's disobedience. Similarly, Rule 41 permits a court to "stay the proceedings" until a plaintiff pays the costs of a previously dismissed action. Rule 41(d)(2). As with Rule 37, that would be a relatively toothless sanction if "proceedings" did not encompass all further actions in the case.

Halliburton and the court below offer an alternative definition. They argue that the term "proceeding" is "'given more precise content by the neighboring words with which

it is associated.'" *Fischer* v. *United States*, 603 U. S. 480, 487 (2024) (quoting *United States* v. *Williams*, 553 U. S. 285, 294 (2008)). Specifically, they assert that the term "proceeding" should be read to include the characteristics of the terms that come before it: "judgment" and "order." See Rule 60(b) ("judgment, order, or proceeding"). Since a "judgment" and "order" both involve some judicial determination of rights, they say, a "proceeding" should at least involve some judicial action or conclusive determination of rights. See Brief for Respondent 34–37; 82 F. 4th, at 922–923.

Although it is true that statutory terms must be read in the context of their neighbors, that rule cuts the other way here. To read "proceeding" to require a judicial determination would strip it of any independent meaning. Any formal judicial determination of a party's rights is bound to be an "order." See Black's 1298 (defining "order" as "[e]very direction of a court or judge made or entered in writing"). So, if the term "proceeding" covers only judicial determinations, it is hard to imagine what the term "proceeding" would encompass that is not already covered by the term "order."

Such a limited reading of "proceeding" is contrary to the general structure of Rule 60(b). When the Rule authorizes relief from a "judgment, order, or proceeding," it speaks in an ascending order of generality. It starts with the narrowest category, "judgments," and then moves to a broader category, "orders." Any "judgment" will generally involve an "order," but not all "orders" are "judgments." That suggests that each term should be read as broader than what came before. Just as "order" encompasses and *exceeds* "judgment," "proceeding" should encompass and exceed "order." It would be odd, therefore, to read "proceeding" as covering only those acts that are already covered by the term "order."

Halliburton intuitively grasps this point. To avoid a complete overlap between "order" and "proceeding," it tries to conjure up examples of what might count as a "proceeding" under its definition while not being an "order." But in doing so, Halliburton only reinforces the commonsense conclusion that a voluntary dismissal without prejudice counts as a proceeding. For example, Halliburton suggests that a voluntary dismissal *with* prejudice may qualify as a "proceeding." Brief for Respondent 37. But there is no reason why a voluntary dismissal *with* prejudice would count as a "proceeding" while a voluntary dismissal *without* prejudice would not. Both consist in the simple filing of a paper on the docket. See Rule 41(a)(1)(A). Halliburton contends that a dismissal *with* prejudice is different because it "imposes legal burdens." Brief for Respondent 37. But a voluntary dismissal *without* prejudice does so as well. For example, Waetzig's dismissal apparently precluded him from continuing to pursue his claims—not because his dismissal was with prejudice, but because the relevant statute of limitations had already expired. See Tr. of Oral Arg. 11, 19–20.

In sum, the text, context, and structure of Rule 60(b) show that the term "proceeding" encompasses all steps taken in the action, including a voluntary dismissal without prejudice.

C

Finally, our reading of Rule 60(b) is buttressed by the historical context in which the Rule was enacted. The original version of the Rule was based on a then-extant provision in the California Code of Civil Procedure, § 473. See Advisory Committee's 1946 Note on subd. (b) of Fed. Rule Civ. Proc. 60. That provision permitted a court to "relieve a party . . . from a judgment, order, or other proceeding." Cal. Code Civ. Proc. § 473 (Deering 1937). And prior to the enactment of Rule 60(b), the Supreme Court of California had read that provision to apply to voluntary dismissals. According to the

Opinion of the Court

California court, a plaintiff who "consented to [a] dismissal to his injury, under a mistake of fact, excusable under the terms of the statute, . . . is not barred of relief." *Palace Hardware Co.* v. *Smith*, 134 Cal. 381, 384, 66 P. 474, 476 (1901). And the California court made clear that the existence of prejudice was immaterial: "Whether . . . a voluntary dismissal . . . bars a future action, need not be considered. If the plaintiff is entitled to relief under the statute, it is not material whether, in its absence, he could have relief either at law or in equity." *Id.*, at 385, 66 P., at 476.

When read in light of this history, it makes sense that Rule 60(b) would likewise extend to voluntary dismissals without prejudice. The provision was "expressly modeled" after a statute that ostensibly permitted such relief. See *Hall*, 584 U. S., at 72–73 (reading Rule 42(a) in light of "its statutory predecessor"). And although the Rule has been amended substantially since then, the amendments have always retained the original candidates for relief: judgments, orders, or proceedings. To be sure, the Rule now specifies that the judgments, orders, or proceedings must be "final." But, as we have already explained, the term "final" does not exclude voluntary dismissals without prejudice from the reach of the Rule. See *supra*, at 312–315. There is no reason to think, then, that such dismissals have since escaped the Rule's coverage.

IV

For the above reasons, a Rule 41(a) voluntary dismissal without prejudice counts as a "final proceeding" under Rule 60(b). When the requirements of Rule 60(b) are satisfied, a district court may relieve a party from such a dismissal and reopen the case. We express no view on whether that relief was proper in Waetzig's case. Nor do we reach the question whether the court below could exercise jurisdiction over Waetzig's motion to vacate the arbitration award. Those questions are left to the court below on remand, to the extent the relevant arguments have been preserved.

The judgment of the Tenth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

Page Proof Pending Publication

## Reporter's Note

The attached opinion has been revised to reflect the usual publication and citation style of the United States Reports. The revised pagination makes available the official United States Reports citation in advance of publication. The syllabus has been prepared by the Reporter of Decisions for the convenience of the reader and constitutes no part of the opinion of the Court. A list of counsel who argued or filed briefs in this case, and who were members of the bar of this Court at the time this case was argued, has been inserted following the syllabus. Other revisions may include adjustments to formatting, captions, citation form, and any errant punctuation. The following additional edits were made:

None