25CA0952 Martin v Gold Coast 04-23-2026

COLORADO COURT OF APPEALS

_____

Court of Appeals No. 25CA0952
Boulder County District Court No. 23CV30206
Honorable Nancy W. Salomone, Judge

_____

Mae Martin, Daniel Conroy, and Dannymae, LLC, a Colorado limited liability company,

Plaintiffs-Appellants,

v.

Gold Coast Bank, an Illinois Banking Corporation,

Defendant-Appellee.

_____

ORDER AFFIRMED

Division II
Opinion by JUDGE SULLIVAN
Fox and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 23, 2026

_____

Berg Hill Greenleaf Ruscitti LLP, George V. Berg, Nicholas L. DeBruyne, Ian W. Carmen, Boulder, Colorado, for Plaintiffs-Appellants

MGL Law, LLC, Benjamin P. Wieck, Denver, Colorado, for Defendant-Appellee

¶ 1    Plaintiffs, Mae Martin, Daniel Conroy, and Dannymae, LLC (the borrowers), appeal the district court's order denying their C.R.C.P. 60(b) motion for post-judgment relief, claiming they entered into a settlement agreement with defendant, Gold Coast Bank, by mistake.  We affirm.

## I.    Background

¶ 2    The borrowers took out two commercial loans and one residential loan from Gold Coast.  The parties later disputed the loan terms, leading to two different lawsuits.  First, in March 2023, the borrowers filed the lawsuit underlying this appeal (the Colorado lawsuit), alleging that Gold Coast had breached their contract and committed various torts by changing certain interest rate terms in their loan agreements.  Second, in November 2023, Gold Coast demanded payment of the outstanding debt by suing the borrowers in the circuit court of Cook County, Illinois (the Illinois lawsuit).

¶ 3    The parties attended two settlement conferences as part of the Illinois lawsuit.  At the second conference, the borrowers, in person and through their counsel, agreed to a global resolution.  Under the settlement terms — memorialized by a written "Agreed Settlement and Dismissal Order" signed by the judge presiding over the Illinois

1

lawsuit — the parties agreed to "walk away" without exchanging any money. Among other terms, Gold Coast would forgive the remaining loan debt and dismiss the Illinois lawsuit, and the borrowers, for their part, would dismiss the Colorado lawsuit. Pursuant to the settlement, the Illinois court dismissed the Illinois lawsuit with prejudice. One of the individual borrowers later attempted to back out of the settlement agreement, claiming she felt rushed during the settlement conference, had developed a migraine after agreeing to settle, and didn't fully understand the settlement terms.

¶ 4    Meanwhile, Gold Coast moved to dismiss the Colorado lawsuit with prejudice pursuant to the terms of the settlement agreement. In addition to attaching the Agreed Settlement and Dismissal Order signed by the Illinois court, Gold Coast explained in the motion's certificate of conferral that the borrowers' counsel agreed with the requested relief and had advised his clients to authorize him to file a stipulation of dismissal; one of the individual borrowers, however, refused to provide such authorization. The district court granted Gold Coast's motion to dismiss. The court noted that, based on its

review of the motion's certificate of conferral and attachment, it was "satisfied that the parties reached an agreement to settle all claims."

¶ 5 The borrowers then filed a motion to vacate or modify the dismissal order in the Illinois lawsuit based on their purported mistake in agreeing to settle. The Illinois court set the motion for a hearing.

¶ 6 Three days before the hearing, the borrowers filed a motion for relief from final judgment under C.R.C.P. 60(b) in the Colorado lawsuit. The motion notified the district court of the upcoming hearing in the Illinois lawsuit and requested relief from the dismissal order in the Colorado lawsuit "if [the Illinois court] reverses or vacates [its] Settlement Order" that dismissed the Illinois lawsuit.

¶ 7 After the Illinois court declined to reverse or vacate its dismissal, the borrowers notified the district court in the Colorado lawsuit that they intended to file an appeal in the Illinois lawsuit. Nonetheless, the district court denied the borrowers' C.R.C.P. 60(b) motion. The court explained that the borrowers' requested relief was "based on the factual premise that the settlement order in the

parties' related case will be vacated" and that such premise "ha[d] not come to pass."

## II.    C.R.C.P. 60(b)

¶ 8    The borrowers contend that the district court erred by denying their motion for relief from final judgment under C.R.C.P. 60(b)(1) and (5).

### A.    Applicable Law and Standard of Review

¶ 9    As relevant here, C.R.C.P. 60(b)(1) authorizes a trial court to "relieve a party . . . from a final judgment, order, or proceeding for . . . [m]istake, inadvertence, surprise, or excusable neglect." C.R.C.P. 60(b)(5) authorizes the same for "any other reason justifying relief from the operation of the judgment." This residuary provision applies only in situations not covered by the other enumerated provisions of the rule and "only in extreme situations or extraordinary circumstances." *Davidson v. McClellan*, 16 P.3d 233, 237 (Colo. 2001). We construe the residuary provision narrowly to "avoid undercutting the finality of judgments." *People in Interest of A.P.*, 2022 CO 24, ¶ 22.

¶ 10    We review a district court's order denying relief under C.R.C.P. 60(b) for an abuse of discretion. *Taylor v. HCA-HealthONE*

*LLC*, 2018 COA 29, ¶ 30 (citing *Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 314 (Colo. 2010)).  A court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair, or based on a misunderstanding or misapplication of the law.  *Jackson v. Unocal Corp.*, 262 P.3d 874, 880 (Colo. 2011).

¶ 11     "To properly preserve an argument for appeal, the party asserting the argument must present 'the sum and substance of the argument' to the district court."  *Gebert v. Sears, Roebuck & Co.*, 2023 COA 107, ¶ 25 (citation omitted).  In civil cases, we generally will not address for the first time on appeal issues not raised in or decided by the district court.  *See id.*; *Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C.*, 2012 CO 61, ¶ 18.

### B.     Analysis

¶ 12     The borrowers argue that the district court abused its discretion by denying their motion for post-judgment relief because (1) they entered into the settlement with Gold Coast by mistake, entitling them to relief under C.R.C.P. 60(b)(1); and (2) recent Supreme Court authority supports their argument that they are entitled to relief under C.R.C.P. 60(b)(5)'s residuary provision.

## 1. Mistake

¶ 13    We conclude the borrowers didn't preserve their argument that they mistakenly agreed to the settlement with Gold Coast. And because we don't generally address unpreserved arguments in civil cases, we decline to reach the merits of their contention. *See Gebert*, ¶ 25.

¶ 14    In their C.R.C.P. 60(b) motion, the borrowers argued only that the district court should vacate its dismissal order due to mistake *if* the Illinois court reversed or vacated its prior dismissal. They didn't argue that they would be entitled to relief based on mistake if the Illinois court *declined* to reverse or vacate the dismissal. And the Illinois court so declined.

¶ 15    In their reply brief, the borrowers argue that their ongoing appeal in the Illinois lawsuit renders their argument preserved. But the fact of the borrowers' appeal in the Illinois lawsuit didn't expand the nature or scope of the arguments they presented to the district court in this case. To the contrary, although the borrowers notified the district court of their intention to appeal the Illinois court's denial of their motion to vacate or modify the dismissal order, they continued to tie their entitlement to post-judgment relief in the

Colorado lawsuit to the outcome of their motion in the Illinois lawsuit. At no point did they argue that the district court should grant them relief under C.R.C.P. 60(b) *regardless* of the outcome in the Illinois lawsuit. *See Gebert*, ¶ 25. In addition, the borrowers never asked the district court to stay the Colorado lawsuit or defer ruling on their C.R.C.P. 60(b) motion pending the outcome of their Illinois appeal.

¶ 16 The borrowers also make passing arguments that the district court erred by not analyzing their C.R.C.P. 60(b) motion, not allowing them to submit additional briefing, and denying their motion before the parties had executed a formal written settlement agreement. But the borrowers don't develop or support these contentions with argument or legal authority, so we decline to address them. *See Antolovich v. Brown Grp. Retail, Inc.*, 183 P.3d 582, 604 (Colo. App. 2007) (explaining that we don't address underdeveloped arguments).

¶ 17 Accordingly, we decline to address the borrowers' unpreserved argument that the district court should have granted relief under C.R.C.P. 60(b)(1) based on their alleged mistake in entering the settlement agreement.

## 2. Residuary Provision

¶ 18 The borrowers also argue, under C.R.C.P. 60(b)(5)'s residuary provision, that the district court abused its discretion by denying their motion because enforcing the settlement would be manifestly unfair. In support, they cite the Supreme Court's recent opinion in *Waetzig v. Halliburton Energy Services, Inc.*, 604 U.S. 305 (2025), which they also cited in the district court.

¶ 19 As we understand their argument, we should reverse the district court's denial of relief under C.R.C.P. 60(b)(5) because the *Waetzig* court upheld a trial court's decision granting a plaintiff relief under Fed. R. Civ. P. 60(b) based on analogous circumstances — namely, the plaintiff's mistake in voluntarily dismissing his case. But we fail to see how *Waetzig* supports the borrowers' position.[1] In *Waetzig*, the Supreme Court held that a plaintiff's voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a) qualified as "a final judgment, order, or

---

[1] Because C.R.C.P. 60(b) is similar to Fed. R. Civ. P. 60(b), we may consider cases interpreting the federal rule, like *Waetzig v. Halliburton Energy Services, Inc.*, 604 U.S. 305 (2025), as persuasive authority in interpreting the Colorado rule. *See Garcia v. Puerto Vallarta Sports Bar, LLC*, 2022 COA 17, ¶ 22.

8

proceeding" that *might* entitle the plaintiff to post-judgment relief under Fed. R. Civ. P. 60(b). *Waetzig*, 604 U.S. at 310-19. The Court explicitly refrained, however, from expressing any view on whether the trial court was correct to grant relief. *Id.* at 319 ("We express no view on whether that relief was proper in Waetzig's case.").

¶ 20 Here, no one disputes that the district court's dismissal order constituted a "final judgment, order, or proceeding" under C.R.C.P. 60(b), thus permitting the court to grant the borrowers relief under the rule if it saw fit to do so in its discretion. But it didn't. And the borrowers don't explain how *Waetzig* or the residuary provision otherwise renders the court's denial of their motion an abuse of discretion.

¶ 21 Moreover, Colorado's residuary provision permits relief from a final judgment, order, or proceeding only in "extreme situations or extraordinary circumstances," and only in "situations not covered by the enumerated provisions." *A.P.,* ¶ 39 n.3 (quoting *Davidson,* 16 P.3d at 237). *Waetzig* didn't change this. Accordingly, we perceive no abuse of discretion in the district court's denial of the borrowers' motion under C.R.C.P. 60(b)(5)'s residuary provision.

9

### III.    Disposition

We affirm the order.

JUDGE FOX and JUDGE KUHN concur.